# Hyde *v*. Cain.

*Action for Assault and Batery.*

(Decided June 30, 1908. 47 South. 1014. Rehearing denied
December 2, 1908.)

1. *Assault and Battery; What Constitutes.*—Any touching by one
person of the person or clothes of another in rudeness or in anger
is an assault and battery.

2. *Trial; Instructions Ignoring Issue.*—Although the evidence
showed an assault and battery, a charge asserting that if the jury
believe the evidence they should find the issues in favor of the plain-
tiff was erroneous, where there was a plea setting up that at the

[Hyde v. Cain.]

time of the alleged assault plaintiff was on defendant's premises and refused to leave although requested to do so, whereupon defendant ejected plaintiff using only such force as was reasonably necessary therefor, and there was evidence tending to support the plea.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Alice Cain against George Hyde for an assault and battery. Judgment for plaintiff defendant appeals. Reversed and remanded.

WARD & WARD, for appellant. The court erred in giving the general charge.—*Tabler, et al. v. Sheffield Co.*, 87 Ala. 305; *E. T. V. & R. R. Co. v. Baker*, 94 Ala. 632; *Holmes v. Bir. S. R. R. Co.*, 140 Ala. 208. The question of the assault should have been submitted to the jury.— 8 Cyc. 1066; Ib. 1099, subd. 8.

GIPSON & DAVIS, for appellee. The court properly gave the affirmative charge for the plaintiff.—*Lunsford v. Walker*, 93 Ala. 36; 1 Ency on Evi. 995; 3 Cyc. 1021.

McCLELLAN, J.—Action for damages, in code form, for assault and battery. The only error assigned is predicated upon the giving at the request of plaintiff (appellee) of this charge, viz.: "The court charges the jury, if the jury believe the evidence, they must find the issue in favor of the plaintiff." The pleas were general issue and special plea 4 (to which demurrers were overruled), as follows: "(4) That the plaintiff, at the time of the alleged assault upon her, was on the premises of defendant, and that defendant ordered or requested her to leave, which she failed to do, and upon such failure defendant attempted to eject her or make her leave, and only used such force as was reasonably necessary to accomplish same, and that, if any assault was committed on plaintiff, it was the said efforts of defendant to eject

[Hyde v. Cain.]

her as aforesaid." The issues presented are apparent.

An assault and batetry is described in *Jacobi's Case,* 133 Ala. 17, 32 South. 163, thus: "Any touching by one person of the person of another in rudeness or in anger is an assault and battery.   *   *   *". In *Engelhardt v. State,* 88 Ala. 103, 7 South. 154, this language is approvingly quoted: "A battery is not necessarily a forcible striking with the hand, or stick, or the like, but includes every touching or laying hold (however trifling) of another's person, or his clothes, in an angry, revengeful, rude, insolent, or hostile manner." Since a battery always includes an assault, the uncontroverted testimony in this case would have warranted the court, on the inquiry presented by the complaint alone, in giving the affirmative charge for the plaintiff. But that pleading was not the only source of issue in the cause. The fourth plea sought to justify the assault and battery upon the right of one to eject a trespasser from his premises, which embraces the obligation to effect such a lawful purpose by use of no more force than was necessary thereunto. Pretermitting any other consideration in respect to the plea, this was, under the whole evidence adduced on the trial, a question for the jury; and the charge quoted before erroneously deprived the defendant of that right.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON, SIMPSON, ANDERSON, and DENSON, JJ., concur.