[Louisville & Nashville Railroad Co. v. Barganier.]

# Louisville & Nashville Railroad Co. *v.* Bargainier.

## Damage for Injury to Servant.

(Decided Feb. 26, 1910.   Rehearing denied June 30, 1911.
53 South. 138.)

1. *Appeal and Error; Review; Favorable to Appellant.*—Charges or rulings of the court in eliminating counts in the complaint are necessarily favorable to the defendant, and will not be reviewed on an appeal by him.

2. *Negligence; Contributory Negligence; Pleas of.*—Pleas of contributory negligence must impute to the plaintiff in an action for damages an omission of duty, or the commission of some negligence or dangerous act which proximately contributes to the injury, and such acts or conduct must be shown to be culpable or negligent otherwise than by the mere statement that they are so.

3. *Witnesses; Examination; Indefinite Question.*—Where a witness testified that he was in the saloon business, such witness being the plaintiff, and that the business about made him a living, with nothing clear, a question as to what his average sales in the saloon business amounted to, was too indefinite and uncertain, and hence, was properly disallowed.

4. *Master and Servant; Injury to Servant; Complaint.*—The counts of the complaint in this case examined and held not subject to any grounds of demurrer interposed thereto.

5. *Same; Boarding Moving Train; Jury Question.*—It is not as a matter of law contributory negligence to attempt to board a moving train, but depends on the circumstances attending the attempted boarding, such as the speed of the train, the age or condition of person attempting to board it and whether or not he is encumbered with bundles, etc.

6. *Same; Evidence.*—Where the action was by a servant for injuries received while attempting to board a moving engine by reason of defects in the hand-hold, evidence as to the condition of the hand-holds on the other side of the engine from that on which plaintiff attempted to get, was irrelevant.

7. *Same; Fellow Servant; Scope of Duty; Supervisor.*—Where a section foreman on a railroad was subject to the orders of a supervisor, the mere fact that the supervisor was on an engine and operating it at the time he directed plaintiff to come to him on the engine, in attempting to do which, plaintiff was injured, did not relieve the supervisor of his duties in the capacity of supervisor, nor relieve plaintiff of the duty of obeying orders.

(Anderson and McClellan, JJ., dissent.)

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by W. H. Bargainier against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The substance of the complaint is sufficiently set out in the opinion. The following are the pleas referred to in the opinion: (2) "Further answering said complaint separately and severally each count thereof, this defendant says that the plaintiff himself was guilty of negligence approximately contributing to the injuries complained of in this: That at the time the plaintiff sustained the injuries complained of the engine of the defendant was in motion, and the plaintiff with a knowledge of this fact attempted to get on said engine while it was in motion, and in so doing sustained injuries, the injuries complained of." (5) "To each and every count separately and severally this defendant says that the plaintiff himself is guilty of negligence, which contributed proximately to the injuries complained of, in this: That at the time of the injuries complained of the plaintiff was in the employ of the defendant as a section foreman. That as such foreman he was not authorized, nor was it within the scope of his duties, to go upon defendant's engine. But, notwithstanding this, plaintiff attempted to get upon plaintiff's engine while it was so in motion. That it was obviously dangerous for the plaintiff to attempt to get upon said engine while it was so in motion, and that in attempting to do so he sustained the injuries complained of." Pleas 3 and 4 are similar to plea 5, except that plea 3 omits to state plaintiff's employment, and it merely alleges that he was not acting within the scope of his employment, while plea 4 alleges his employment, with the further allegation that his duties were not in any way connect-

[Louisville & Nashville Railroad Co. v. Barganier.]

ed with defendant's engine, and did not require the plaintiff to go upon the defendant's engine. Each plea alleges that the engine was moving, and that with knowledge of this fact plaintiff attempted to get on said engine while it was in motion. Pleas 6, 7, and 8 are similar to 5, except that it is not alleged that the engine was in motion when he attempted to board it. Plea 7 contains the further allegation that no one in charge of said engine was authorized or empowered to require the plaintiff to come upon said engine. Plea 8 further alleges that the servants in charge of the engine did not know that plaintiff was attempting to board the engine.

It appeared from the testimony of the plaintiff, Barganier, that after the accident, and at the time of the suit, he was in the saloon business; that while working for the railroad he received $40 per month; and that the saloon business made him a living, nothing clear. At this juncture defendant's attorney asked the witness, "About how much would your sales average?"

Refused charges from 1 to 15, inclusive, were the affirmative charges as to the various counts of the complaint. The other charges were upon the effects of the evidence, or that there was no evidence of the particular matters.

GEORGE W. JONES, HENRY OPP, and POWELL. ALBRITTON & ALBRITTON, for appellant. The averments in the complaint are not sufficient to show that the injuries complained of were sustained by the plaintiff at a time when he was discharging his duties as an employee of the defendant—*Woodward I. Co. v. Curl,* 153 Ala. 215; *Ga. Pac. v. Propst,* 85 Ala. 203. Count 16 introduced a new cause of action, and the court erred in allowing it to be filed and in overruling motion to strike it.—Sec.

3331, Code 1896. Plea 2 was a good plea, and the court erred in sustaining demurrer thereto.—*Holmes' Case,* 97 Ala. 332; *L. & N. v. Lee,* 97 Ala. 325; *Ry. Co. v. Smith,* 90 Ala. 63; *Banking Co. v. Letcher,* 69 Ala. 106; 5 Thomp. on Neg. 5602. The demurrers to pleas 3, 4, 5 and 6 were improperly sustained.—*Ga. Pac. Ry. v. Propst, supra.* Kirby was the engineer in charge of the defendant's engine, and operated it at the time the injury occurred, and it necessarily follows that he was not and could not have been discharging the duty of supervisor.—*Freeman v. Sloss-S. S. & I. Co.,* 137 Ala. 481; *Dantzler v. DeBardelaben C. & I. Co.,* 101 Ala. 309. The negligence did not occur while in the exercise of superintendence, and therefore, plaintiff cannot recover on that count of his complaint.—*Drennan v. Smith,* 115 Ala. 396; *Ga. Pac. v. Propst, supra.* The court erred in refusing the affirmative charge to the defendant as to the 14th count, as there was no evidence that plaintiff sustained the injuries complained of by reason of Kirby ordering the plaintiff to come where Kirby was on defendant's engine.—*Decatur C. W. M. Co. v. Mehaffey,* 128 Ala. 255; *L. & N. v. Quick,* 125 Ala. 561; *Creola L. Co. v. Mills,* 149 Ala. 485.

CLIVE E. REID, and A. WHALEY, for appellee. The first ten counts were not subject to demurrer, but were entirely sufficient.—*Southern Ry. v. Guyton,* 122 Ala. 231; *Pearson L. Co. v. Hart,* 144 Ala. 239. Counts 11, 12, 13 and 15 were eliminated, which ruling was favorable to the defendant. However, the counts were entirely good.—*Southern C. & F. Co. v. Bartlett,* 137 Ala. 234; *Bear Creek Mill Co. v. Parker,* 134 Ala. 293; *A. G. S. v. Davis,* 119 Ala. 592. On these same authorities, count 14 must be held to be good. Plea 2 was subject to the demurrers interposed.—*Armstrong v. Montg. St.*

*Ry.,* 123 Ala. 333; *Watkins v. Bir. R. & E. Co.,* 120 Ala. 147; *Bir. R. & E. v. Clay,* 108 Ala. 233. Kirby had the direct control and supervision of the plaintiff while en-. gaged in the business of the defendant.—*So. Ry. Co. v. Guyton,* 122 Ala. 231. Under the facts in this case plaintiff was justified in obeying the order.—*Bear C. M. Co. v. Parker, supra;* 1 LeB. M. & S. 1240. Counsel discuss the objections to evidence, but without citation of authority.

MAYFIELD, J.—The complaint in this case contains 16 counts. The first and fourteenth are all that need be specially considered on this appeal. The eleventh, twelfth, thirteenth, fifteenth, and sixteenth counts were eliminated by charges or rulings of the court, and such rulings, being in favor of the appellant, cannot be reviewed on this appeal; and, of course, other rulings as to such counts were without injury to appellant.

Counts from 1 to 10, inclusive, were all grounded on subdivision 1 of the employer's liability act (Code 1907, c. 80). Each declared upon the same defect in the ways, works, or machinery, to-wit, a defective handhold on the engine or tender; the only difference being that the defect, or the negligent act, relied upon, is expressed in slightly varying and different language. The legal effect of each is practically the same, so far as to be considered together on this appeal.

Count 14 was bottomed on subdivision 3 of the employer's liability act.

Count 1 of the complaint was as follows:

"The plaintiff, W. H. Barganier, claims of the defendant, Louisville & Nashville Railroad Company, a foreign corporation doing business in Covington county, Ala., the sum of $20,000 damages; for that the defendant on, to-wit, the 26th day of December, 1907, operated

a railroad in Covington county, Ala., on which it ran engines propelled by steam, and plaintiff was in the service or employment of said defendant on said date, and while he was engaged in or about the said service or business of the defendant on said date his left arm was caught under the wheels of an engine then being operated by the said defendant upon its railroad track in Covington county, Ala., and so badly crushed and injured that it had to be amputated, whereby plaintiff was caused to suffer great mental and physical pain and distress, was put to great trouble and expense in procuring medicine, medical attention, care, and nursing in and about his effort to heal and cure his said wounds, and lost a great deal of time from his work and was crippled and maimed for life, and rendered permanently less able to work and earn money. The plaintiff avers that the said injury was sustained and his arm amputated as aforesaid by reason and as a proximate consequence of a defect in the condition in the ways, works, machinery, or plant used in or connected with the said business of the defendant, which defect arose from, or had not been discovered or remedied owing to, the negligence of some person in the service or employment of the defendant, and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper condition, in this, to wit, the handhold on the tender attached to said engine was broken."

Count 14 copied count 1 down to and including the words, "work and earn money," with the following addition thereto: "The plaintiff avers that the said injury was sustained and his arm caused to be amputated as aforesaid by reason and as a proximate of the negligence of H. R. Kirby, who was in the service or employment of the defendant while engaged in the discharge of his duties within the line of his employment, to

whose orders and directions at the time of the injury the plaintiff was bound to conform and did conform, and his injury resulted from his having so conformed, in this, to wit: The plaintiff being upon the ground near the said engine of the defendant, and H. R. Kirby being upon the said engine, the said H. R. Kirby did negligently order the plaintiff to come to where he, the said Kirby, was upon the said engine."

Demurrers assigning many grounds were interposed to counts 1 to 10, inclusive, and to count 14, and were overruled as to each, to which rulings many errors are assigned.

Counts 1 to 10 each stated a good cause of action. Each practically followed the language of the statute, which is declared to be actionable negligence under subdivision 1 of the employer's liability act.

The counts appear to have been modeled after or copied from—as near as could be, under the particular facts of the case—counts heretofore held to be good under that particular subdivision.—*Watson's Case*, 90 Ala. 41, 7 South. 813; *Hawkins' Case*, 92 Ala. 243, 9 South. 271; *George's Case*, 94 Ala. 199, 10 South. 145; *Brewer's Case*, 113 Ala. 509, 21 South. 415; *Conrad's Case*, 109 Ala. 133, 19 South. 398.

While these facts are very general and fall little short of mere conclusions, these cases hold that counts like these are sufficient.

These counts were not subject to any ground of demurrer interposed against them.

Count 14, however, was defective, and the demurrer to it should have been sustained. While it practically followed the language of subdivision 3 of the statute, as counts 1 to 10 followed subdivision 1, yet it does not show any breach of duty, or negligence on which to base a cause of action. It alleges no breach of duty, or neg-

ligence, on the part of the defendant or its servants, or agents. True, it alleges that Kirby and plaintiff were servants of defendant, and that Kirby was plaintiff's superior, and one to whose orders he was bound to conform, and did conform, and that Kirby "negligently ordered plaintiff to come where he, the said Kirby, was, upon the said engine."

This alone is not sufficient. This subdivision only makes the master liable to his servant for the negligence of such other servants as Kirby is shown to have been, under the circumstances set forth in the subdivision. It does not make the master absolutely liable for every injury received by any of his servants while engaged in a particular work, merely because they were ordered to do the work by another servant, and that the servant injured was bound to conform, and did conform, to the orders of the servant giving the command. The order and obeying of it, one or both, must involve danger, and proximately result in the injury complained of, to render the master liable. If one servant orders another to do an act or work that is not at all dangerous, and the servant to whom it is addressed obeys the order and, while performing it, is injured on account of the negligence of some other servant, or of some other negligence of the servant giving the order, or of that of the master himself, the master may be liable, but not under subdivision 3 of this act.

The order itself must be negligent, or a breach of duty to the servant obeying it, and proximately contribute to the injury of the servant obeying the order.

The count does not show that the injuries suffered were the proximate result of plaintiff's having conformed to the order of his superior, but at most shows that they were a mere condition of his having so conformed. This is not sufficient.—*Hammond's Case*, 93 Ala. 183,

9 South. 577. There is nothing in this count to show that the order was not a proper and innocent one; and there is nothing to show that a child could not have obeyed it with impunity and safety.

This court has time and time again held that it is not dangerous or negligent per se to get on or off a moving train or engine. It may or it may not be, depending upon the particular facts of each particular case— the speed of the car, the physical condition of the person attempting to so board the car or engine, whether he is incumbered with bundles, etc., and the condition of the track, cars, or engine, etc. This being true, certainly it cannot be said to be dangerous or negligent to get upon an engine that is not moving at all. For aught that appears from this count, the engine was standing still at the time referred to; and nothing is shown as to plaintiff's physical condition, the attendant circumstances, etc. There is likewise nothing in the count to show that the act of the plaintiff in going to the supervisor, or in getting upon the engine, was at all dangerous, or that it was negligence on the part of the supervisor to so order plaintiff. This much is necessary, to state a cause of action under the third subdivision of the statute.

The pleas attempting to set up contributory negligence, in that the plaintiff, when injured, was attempting to board an engine in obedience to the orders of the supervisor, were bad. It cannot be said that it is contributory negligence, as matter of law, to attempt to board, or to alight from, a moving engine, train, or car, under all circumstances and conditions. It may not be, depending upon the particular circumstances of each case. It depends upon the speed of the engine or car, the age or physical condition of the person making the attempt, whether he is incumbered with bundles, baggage, etc.

Some of the pleas are palpably bad; they do not show any such state of facts as would authorize the court to say, as matter of law, that the plaintiff was guilty of contributory negligence, if he did every act alleged in the pleas. The most that they show is that plaintiff attempted to board the engine while it was moving, with the conclusion of the pleader that such attempt proximately contributed to his injury.

Pleas of contributory negligence, to be sufficient, must impute to the plaintiff an omission of duty, or the commission of some negligent or dangerous act, which proximately contributes to the injury complained of. The conduct or acts themselves must be shown to be negligent or culpable. To allege that conduct or acts harmless and prudent in themselves are negligent, or that the plaintiff did such acts, as a mere conclusion of of the pleader, is not sufficient. The acts or conduct must be shown to be negligent otherwise than by mere conclusions of the pleader.—*Shank's Case,* 139 Ala. 501, 37 South. 166; *Hastings' Case,* 138 Ala. 432, 35 South. 412; *Watkins, Case,* 120 Ala. 151, 152, 24 South. 392, 48 L. R. A. 297; *Clay's Case,* 108 Ala. 237, 238, 19 South. 309; *James' Case,* 121 Ala. 120, 25 South. 847.

The demurrers pointed out this defect, and there was no error in sustaining them.

Plea 5, however, was sufficient. It averred that the danger of attempting to board the train under the conditions stated was obvious, and that an attempt to do this act which was obviously dangerous was negligence, and that this negligence proximately contributed to his injury. The court therefore erred in sustaining the demurrer to the plea.

It was clearly open to the jury to infer from the evidence that Kirby, the supervisor, ordered plaintiff to come to him and to get upon the engine, exactly as it

was alleged in the complaint. We cannot agree with counsel for appellant that the proof failed as to this allegation, and that the general affirmative charge should have been given for defendant on this account. There is evidence that Kirby himself admitted and stated that he so ordered plaintiff, and also evidence of other witnesses than the plaintiff who heard the order when given. While it does not prove the order in the same words as alleged, it was open to the jury to infer therefrom that Kirby did so order the plaintiff as alleged.

The mere fact that Kirby, the supervisor, was on the engine and operating it at the time of giving the directions to plaintiff, did not relieve him of the duties of supervisor, nor relieve plaintiff of the duty of obeying his orders. So far as appears, it may have been a part of the supervisor's duties to 'do exactly what he was doing. Certainly there is nothing to show that it was not a part of his duty to do it on this occasion, or that plaintiff was relieved of the duty of obeying him merely because, at the time of the issuance of the instructions, he was handling the engine himself.

There was no error in declining to allow the defendant to prove, by plaintiff, what his average sales in the saloon business amounted to. If it could be said that such evidence was relevant and competent, the question was too indefinite and uncertain. It does not apprise us, nor did it inform plaintiff or the trial court, of what information was desired. The average sales of a saloon business are very uncertain and indefinite. Was it the daily, weekly, monthly, or yearly sales?

There was no error in declining to allow the engineer, Cassady, to answer certain questions propounded to him, as to the condition of the enqine in question. He was allowed to testify fully as to the only defect com-

37—168

plained of by plaintiff.  No questions were raised, or in issue, as to the condition of the handhold on the engine on the opposite side from that on which plaintiff attempted to board the engine.  The condition of the handholds on that side of the engine was wholly irrelevant and immaterial.  No claim was made that the handholds on the left side were defective or absent; and, if they had been defective or absent, they did not contribute to or prevent the injury, and no such contention was made.

What we have said above is sufficient to show that there was no error in refusing any of the charges to the defendant.

There were other general affirmative charges which of course were properly refused, or they were bad for reasons which we have stated above.  Most of those insisted upon in argument are predicated upon the fact that there was no evidence to show that Kirby ordered plaintiff to get on the engine, and that Kirby had no right to so order him, and that plaintiff had no right and was under no duty to obey the order.

There was evidence from which the jury was authorized to find each of these facts against the contention of the defendant.

The majority of the court do not concur with the writer in his view as to the sufficiency of count 14, but are of the opinion that it was sufficient, and not subject to the grounds of demurrer assigned, and that the court committed no error in overruling the demurrer thereto. Chief Justice Dowdell concurs with the writer as to the insufficiency of this count.

Justices Anderson and McClellan entertain the opinion that, since it is not always, under all circumstances, negligence per se to attempt to board a moving engine or train, the averment of plea 5 that the act in this in-

[St. Louis & San Francisco R. R. Co. v. Brantley.]

stance, of the plaintiff, involved an obvious danger, was a conclusion of the pleader from unaverred facts.—*A. G. S. R. R. Co. v. Brooks,* 135 Ala. 401, 33 South. 181; *A. G. S. R. R. Co. v. Roach,* 110 Ala. 266, 20 South. 132. They, accordingly, hold that an affirmance should follow.

Justice Sayre does not concur in the views of the writer as to all that is said touching the insufficiency of the pleas.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, SAYRE, and EVANS, JJ., concur in the reversal. ANDERSON and McCLELLAN, JJ., dissent.