# Central of Ga. Ry. Co. *v.* Hingson.

## *Injury to Passenger.*

(Decided April 14, 1914. 65 South. 45.)

1. *Appeal and Error; Review; Rulings on Demurrers.*—Where the judgment entry shows rulings on demurrer to the original complaint, and to each count thereof, and that the complaint was amended and the demurrers re-interposed, and that demurrers to the complaint as amended was overruled, but disclosed no action on demurrers to the different counts of the amended complaint, assignments of error based on rulings on demurrer to different counts of the complaint are not reviewable.

2. *Same; Harmless Error; Pleading.*—Where the court gives the general affirmative charge for a defendant as to a count in a complaint, any error in overruling demurrer to such count is rendered harmless.

3. *Same; Review; Discretion; New Trial.*—The denial of a new trial on the ground that the verdict was contrary to the great weight of the evidence will not be disturbed on appeal unless the verdict is plainly and palpably contrary to the great weight of the evidence.

4. *Carriers; Passengers; Injury; Complaint.*—Where a passenger was injured by being caught between the car and the platform while hanging on the hand rail at the car steps, a complaint which alleges that the train was rapidly approaching the platform, does not necessarily aver that the train was going at a rapid rate of speed, since such allegation may apply to the time between plaintiff's mounting the step of the car, and the approach to the platform.

5. *Same; Boarding Moving Train.*—A passenger attempting to board a moving train after he had alighted at an intermediate point need exercise only ordinary care.

6. *Same; Negligence; Question for the Court.*—Whether the passenger in boarding a moving train, in grabbing the handrail of the step of the vestibule of a sleeping car and holding on to it, was guilty of negligence in failing to jump off the train while it was

[Central of Ga. Ry. Co. v. Hingson.]

running at three or four miles an hour, instead of hanging on and sustaining an injury by being caught between the train and the station platform, although warned of the danger of hanging on, was not for the court, since the court could not say, as a matter of law, that the passenger could have safely jumped off or that he did not have the right to believe that he would be safer where he was, notwithstanding the warning; especially in the absence of anything to show that he was conscious of the fact that to remain on the train was dangerous.

7. *Same; Instruction.*—Where the issue was whether the passenger was negligent in failing to jump off, instead of hanging on to, the train so as to be caught between the train and a station platform, a charge which pretermitted a knowledge on his part that he could escape danger by releasing his hold, and which hypothesized his knowledge of his perilous position, without hypothesizing his belief that the peril would be decreased by jumping from the train, was properly refused.

8. *Charge of Court; Directing Verdict.*—Where defendant was not entitled to affirmative instruction as to the whole complaint, it was not erroneous to refuse the general charge as to the respective counts of the complaint, where such requests were bad in form.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by J. H. Hingson against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint, after stating the relation as that of passenger and carrier, avers that plaintiff was swinging to the side of one of the passenger cars of said train, trying to board the same from where plaintiff had stepped off on the ground when the train stopped; and plaintiff avers that the agents or servants in charge or control of said train of the defendant, and acting within the line and scope of their authority as such agent or servant, wantonly, willfully or intentionally caused or allowed said train to move along by a platform adjacent to the depot of plaintiff at Jackson's Gap, and wantonly, willfully or intentionally caused or allowed plaintiff while thus swinging on the side of the train to be caught between said moving train and said platform, and, as a proximate consequence, plaintiff was injured as described.

The third count states the same relationship; and that plaintiff was swinging to and trying to board one of the passenger cars in said train; and that the place where plaintiff was swinging was rapidly approaching the platform adjacent to said depot at Jackson's Gap; and said train passed very close to said platform, and plaintiff was in great danger of being caught between said moving train and said platform; and one or more of the servants or agents of defendant in the control of said train, and acting within the line and scope of their authority as such agents or servants of defendant, discovered plaintiff's position of peril in time to have prevented injury to plaintiff, by the use of all the preventive means at his or their command; but, notwithstanding the discovery of plaintiff's peril, such agents or servants thereafter negligently caused or allowed plaintiff to be caught between said moving train and said platform, whereby plaintiff sustained the injuries complained of and alleged.

Amended plea 5 is as follows: "Plaintiff should not recover in this cause, because, when the train on which plaintiff was riding was approaching Jackson's Gap, an intermediate station on defendant's railroad between Kellyton and Waverly, the plaintiff was notified by the conductor on said train that he would not have time to mail a letter on No. 1 at Jackson's Gap (No. 1 being the train which passed the train on which plaintiff was a passenger at Jackson's Gap). That, when the train on which plaintiff was riding as a passenger stopped at Jackson's Gap, plaintiff left the train on which he was riding and alighted on the ground, and attempted to mail a letter on train No. 1, and, before the plaintiff had returned, the conductor in charge of the train on which plaintiff was riding as a passenger called, 'All aboard,' and the train started, and plaintiff, while said train was

in motion, negligently attempted to board the same, and in attempting to board such train, negligently grabbed to the handrail of the step leading to the vestibule of the sleeping car, holding onto same. At the time plaintiff grabbed and held on to the handrail of said steps, the train was moving at the rate of not less than three or four miles an hour, and was approaching the platform. That plaintiff held onto said rail until he was caught between the defendant's train and the platform. That before plaintiff reached and came in contact with the platform, he was warned of his danger and was told to turn loose, and that, after said warning, plaintiff held to said handrail until he was caught between defendant's train and the platform, sustaining the alleged injuries, and thereby caused or proximately contributed to the injuries complained of."

The demurrers assigned are as follows: "(16) It is not shown or averred in said plea that plaintiff could have turned loose from where he was holding with safety to himself. (17) For aught that appears, it would have been more dangerous for plaintiff to have turned loose from where he was holding than not to have done so."

The following charge was refused to defendant: (2) When a passenger boards a railway train and pays fare to be transported from one station to another, his contract does not obligate the corporation to furnish him safe egress and ingress at an intermediate station, or while the train was side-tracked, and while the train was stopped at such place the duty and safety of a passenger both concur in telling him to remain in the car. If, under such circumstances, he leaves the cars without the knowledge or consent of the corporation, for the time being he surrenders his rights as a passenger, and takes upon himself the responsibility of his own move-

ment, and must exercise great care and discretion to avoid injury." The affirmative charges as to the several counts are as follows: "If the jury believe all the evidence in the case, they will find a verdict for defendant on count 3 in the complaint." Also same charge to count 2 of the compláint.

The variance insisted on is that the complaint alleges that, while plaintiff was swinging on to the car, the train was rapidly approaching said platform adjacent to said depot, and that the proof showed that at the time plaintiff caught hold of the train and at the time the train reached the platform it was not moving at a greater rate of speed than two or three miles per hour, even according to plaintiff's own statement, and that therefore the plea filed was conclusively proven, while the complaint was not.

BARNES & DENSON, for appellant. The demurrers to the complaint as amended embraced in the assignments of error from 1 to 13, inclusive, should have been sustained.—*S. & N. A. R. Co. v. Schauffler*, 75 Ala. 136; 6 Mayf. 664; 15 Am. St. Rep. 785; 16 Am. St. Rep. 687; 4 Am. Rep. 258. Assignments of error 14 to 20, inclusive should be sustained.—*L. & N. Anchors*, 114 Ala. 492; *L. & N. v. Brown*, 121 Ala. 221; *B. R. L. & P. Co. v. Wise*, 149 Ala. 492; *B. R. L. & P. Co. v. Williams*, 48 South 93. Assignments of error 21 to 27 are well taken. —Authorities first cited and *A. G. S. v. McWhorter*, 156 Ala. 269. The court should have directed a verdict for defendant.—*B. R. & E. Co. v. Clay*, 108 Ala. 233; *A. G. S. v. McWhorter, supra*. The court erred in overruling motion for new trial.—*Mutch v. Wes. Ry.*, 97 Ala. 194; *McLaren v. Ry. Co.*, 100 Ala. 506; *B. R. L. & P. Co. v. Brown*, 150 Ala. 327, and authorities supra.

RIDDLE, ELLIS, RIDDLE & PRUET, and RIDDLE & BURT, for appellee. Where the affirmative charge is directed for defendant as to a count in the complaint the overruling of demurrers to that count is harmless.—*Woodward I. Co. v. Andrews,* 114 Ala. 243. Contributory negligence and assumption of risk is no defense against a willful, wanton count.—*L. & N. v. York,* 128 Ala. 304. Negligence may be averred in general terms, where the duty is shown.—*Am. B. Co. v. Fennell,* 158 Ala. 484; *C. of Ga. v. Foshee,* 125 Ala. 199. Pleas of contributory negligence and assumption of risk must state the facts and not the conclusions of the pleader.—*L. & N. v. Calvert,* 170 Ala. 565; *Creola L. Co. v. Mills,* 149 Ala. 474. Pleas of contributory negligence as a defense to subsequent negligence must show knowledge of the then present and impending peril on the part of the person injured.—*A. G. S. v. McWhorter,* 156 Ala. 269; *A. G. S. v. Smith,* 59 South. 464. As to the care owing a passenger see *So. Ry. v. Burgess,* 143 Ala. 364, and cases cited. A passenger has a right to rely upon what the train men tell him.—*Robertson v. L. & N.,* 142 Ala. 216. It is not negligence as a matter of law for a passenger to undertake to board a train moving at the rate of three or four miles an hour.—*M. & E. R. R. Co. v. Stewart,* 91 Ala. 421.

ANDERSON, C. J.—The first series of the assignment of errors relate to the action of the court in overruling the different grounds of demurrers to counts 1, 2, and 3, respectively, "as amended." The judgment entry shows no such ruling as those thus assigned as error. The judgment entry shows a ruling by the court as to demurrers to the original complaint and each count thereof, shows that the complaint was amended and the demurrers were reinterposed to the complaint as

amended, and that the demurrers to said amended complaint were overruled, but discloses no action by the court upon demurrers to the different counts. As the judgment entry discloses no such rulings as the ones assigned as error we have nothing to review.—*Ala. Chemical Co. v. Niles,* 156 Ala. 298, 47 South. 239.

Moreover, if there was any error as to the ruling on the demurrers to count 1, and if properly assigned, it was error without injury, as said count was eliminated from the case by the general affirmative charge for the defendant as to said count.—*Woodward Co. v. Andrews,* 114 Ala. 243, 21 South. 440.

It may be that amended plea 5 to count 3 attempts to set up negligence on the part of the plaintiff subsequent to or concurrent with the negligence of the defendant's servant, after the discovery of the plaintiff's peril, by continuing to hang on the platform, instead of jumping or falling off, after being warned of the platform and told to "turn loose," but said plea, if not otherwise faulty, fails to charge that the plaintiff could have safely escaped danger by turning loose and jumping or falling off the train, and was subject to grounds 16 and 17 of the plaintiff's demurrer. We cannot say, as matter of law, that the rate of speed that the plea avers the train was going was such that the plaintiff could have safely turned loose and fallen, or that he would incur no danger in doing so, or that he did not have the right to think that he would, perhaps, be safer where he was, notwithstanding the warning, as there was no averments that he was conscious of the fact that to remain on the platform meant certain danger; non constat, he may have felt as safe on the train as if he turned loose and fell off while it was moving.

There was no error in refusing charge 1 requested by the defendant. If not otherwise faulty, it pretermits

a knowledge or consciousness on the part of the plaintiff that he could escape danger or hurt by releasing his hold. He may have known of his peril, yet may have felt or believed that it would be equally as dangerous to release his hold. The charge hypothesizes a knowledge by the plaintiff of his perilous situation, but does not hypothesize a belief or knowledge that his peril would be decreased by releasing his hold and dropping from the platform.

Charge 2 was properly refused the defendant. If not otherwise faulty, it placed too high a degree of care upon the plaintiff. The law does not exact of him *great* care, but reasonable and ordinary care; such care as would be exercised by an ordinary prudent person similarly situated.

The trial court did not err in refusing the general charge as to the entire complaint, as there was evidence in support of the second and third counts, and the first count was charged out. It was a question for the jury as to whether or not the flagman did all reasonable things within his power to conserve the safety of the plaintiff after discovering his peril. The jury could well infer that the train would have stopped sooner had the flagman been more prompt in pulling the signal cord, which was at hand, or he may have had time to step inside and apply the danger signal or stop, or he may have had time to have opened the door to the platform upon which the plaintiff was swinging. It was also a question for the jury as to whether or not the plaintiff was guilty of subsequent or concurrent contributory negligence.

Nor are we convinced of the merit as to the variance as suggested in brief of counsel. The complaint does not aver that the train was going at a rapid rate of speed, but that it was rapidly approaching the platform, and

the word rapidly is a relative term, and could as well apply to the time between mounting the step of the car and the approach to the stationary platform as to the rate of speed the train was going. So, too, was the flagman in control of the train to the extent of doing what was necessary to stop it and to relieve the plaintiff from his precarious position. He was, at least, in control, for the time being, of that part of the train, and had the right, and it was his duty, to signal for or to stop the train by the use of any appliances at his command.

Since the defendant was not entitled to the general charge as to the entire complaint, there was no error in refusing the general charge as to the respective counts, as they are bad in form.—*Kress v. Lawrence*, 158 Ala. 652, 47 South. 574.

There was no reversible error in the ruling upon the evidence. The only ground insisted upon as to the refusal of a new trial is that the verdict was contrary to the weight of the evidence. Under the rule as laid down in the often-cited cases of *Cobb v. Malone*, 92 Ala. 630, 9 South. 738, we cannot reverse the trial court for refusing the motion, as we do not think that the verdict was plainly or palpably contrary to the great weight of the evidence.

The judgment of the circuit court is affirmed.

Affirmed.

McClellan, Sayre, and de Graffenried, JJ., concur.