(76 South. 414)

HARBISON–WALKER REFRACTORIES CO. v. KNIGHT. (7 Div. 475.)

(Court of Appeals of Alabama. June 30, 1917.)

1. MASTER AND SERVANT ⬪259(6) — INJURY TO SERVANT—COMPLAINT—SUFFICIENCY.

A complaint, under Code 1907, § 3910 (3), making an employer liable for injuries to his servant, caused by the negligence of any person in the employment of the master to whose order or direction the servant at the time of the injury was bound to conform, which alleges that plaintiff was in duty bound to conform to the order or direction of E., who negligently ordered plaintiff to work at the place where he was injured, knowing it was dangerous, etc., states a cause of action as against a demurrer.

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

16 ALA.APP.—12      [1] Ante, p. 99.      [2] 197 Ala. 419.      [3] 15 Ala. App. 142.

**2. MASTER AND SERVANT ⬉⬎204(3)—EMPLOY-
ERS' LIABILITY LAW—ASSUMPTION OF RISK.**

Under Employers' Liability Law (Code 1907, § 3910, subds. 2, 3), with reference to injuries due to negligence of superintendent or other employé which servant is bound to obey, pleas of assumption of risk are not good.

**3. MASTER AND SERVANT ⬉⬎293(16)—EMPLOY-
ERS' LIABILITY LAW—INSTRUCTIONS.**

In an action for injuries under Employers' Liability Law (Code 1907, § 3910, subd. 2), imposing upon employer's superintendent the duty of using ordinary and reasonable care to conserve the safety of employés under him, the charge that, if the danger to persons working, where plaintiff was working when he was injured, by a tree falling on them, could not have been discovered by any ordinary inspection the verdict should be for defendant, was properly refused; the law not defining "ordinary inspection."

**4. TRIAL ⬉⬎253(4) — EMPLOYERS' LIABILITY
LAW—INSTRUCTIONS—IGNORING ISSUES.**

The charge that "defendant is not liable to plaintiff in this action, unless they are satisfied from the evidence that plaintiff's injury resulted from the negligence of defendant or of defendant's superintendent," was properly refused, as it ignored the issues presented by a count alleging plaintiff was bound to obey the superintendent, and was therefore calculated to mislead the jury, and was also bad for requiring the jury to be satisfied; reasonably satisfied being all the law requires.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by Robert Oscar Knight against the Harbison-Walker Refractories Company Judgment for plaintiff, and defendant appeals. Affirmed.

Count B, after stating the employment, and while helping to move a rock, a tree then and there standing in or beside said rock quarry fell upon plaintiff, wherefore he suffered many injuries, which are catalogued, alleges that at the time he was injured as aforesaid there was a person in the service of defendant at said time and place, to wit, Joe Eason, and plaintiff was in duty bound to conform to the orders or directions of said Eason, and that said Eason negligently ordered plaintiff to go and work at the place where he was injured as aforesaid, knowing it was dangerous for plaintiff to work there, or he ought to have so known, and by the exercise of reasonable diligence could have so known, and plaintiff conformed to said orders or directions, and his said injuries resulted from his having so conformed. Count D sufficiently appears.

The following charges were refused to defendant:

(8) If the jury believe from the evidence that the danger to persons working where plaintiff was working when he was injured, of the tree falling on them, could not have been discovered by any ordinary instruction, their verdict should be for defendant.

(10) The court instructs the jury that defendant is not liable to plaintiff in this action, unless they are satisfied from the evidence that plaintiff's injury resulted from the negligence of defendant, or of defendant's superintendent, Eason.

N. L. Miller, of Birmingham, and R. F. Conner, of Center, for appellant. Hugh White, of Gadsden, and Hugh Reed, of Center, for appellee.

BROWN, P. J. [1] Count B of the complaint, which is framed under subdivision 3 of section 3910 of the Code of 1907, was not subject to the ground of demurrer assigned, and the ruling of the court thereon was free from error. Reiter-Connolly Mfg. Co. v. Hamlin, as Adm'r, 144 Ala. 192, 40 South. 280; Sloss-Sheffield Steel & Iron Co. v. Dobbs, 187 Ala. 452, 65 South. 360; Alabama Consolidated C. & I. Co. v. Heald, 171 Ala. 263, 55 South. 181; L. & N. R. R. Co. v. Bargainier, 168 Ala. 567, 53 South. 138; Alabama Steel & Iron Co. v. Tallant, 165 Ala. 521, 51 South. 835; Tenn. Coal, I. & R. R. Co. v. Williamson, 164 Ala. 54, 51 South. 144.

Count C avers that Eason was intrusted with superintendence over the work and the men engaged in the work, and it was negligence for him to create or allow such condition of things to exist as would render injury to one of the employés under him probable, through the means of an intervening agency. Sloss-Sheffield Steel & Iron Co. v. Green, 159 Ala. 182, 49 South. 301; Tenn. Coal, I. & R. R. Co. v. George, 161 Ala. 422, 49 South. 681; Louisville & Nashville R. R. Co. v. Handley, 174 Ala. 593, 56 South. 539.

[2] Pleas of assumption of risk are not good to counts under subdivisions 2 and 3 of the Employers' Liability Statute (Code 1907, § 3910). L. & N. R. R. Co. v. Handley, supra. Pleas 2 and 3 were pleas of assumption of risk, and the demurrers were properly sustained.

There was evidence tending to support both counts B and C, and the affirmative charges as to the whole case and as to the separate counts were refused without error.

[3] Charge 8 was properly refused. The law does not define "ordinary inspection," but imposes on the defendant's superintendent the duty of using ordinary and reasonable care to conserve the safety of the other employés under him. Sloss-Sheffield S. & I. Co. v. Green, supra.

[4] Charge 10 ignores the issue presented by count B, and was therefore calculated to mislead the jury. It was also bad for requiring the jury to be "satisfied." Reasonably satisfied is all the law requires. U. S. F. & G. Co. v. Charles, 131 Ala. 658, 31 South. 558, 57 L. R. A. 212; Southern Ry. Co. v. Riddle, 126 Ala. 244, 28 South. 422.

There was evidence which, if believed, authorized the verdict rendered, and we do not feel authorized to overturn the finding of the jury and the order of the trial court overruling the motion for a new trial. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 South. 796.

Affirmed.

---

⬉⬎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes