(87 South. 796)

## ALABAMA POWER CO. v. FERGUSEN.
### (6 Div. 71.)

(Supreme Court of Alabama. Dec. 2, 1920. Rehearing Denied Jan. 13, 1921.)

**1. Appeal and error $\Longleftrightarrow$518(3)—No review of ruling on demurrers, where demurrer not incorporated in record, etc.**

Demurrer to the complaint as amended not being incorporated in the record, and the minute entry failing to show a ruling on the demurrers to the several counts of the complaint, the assignments of error relating to the ruling on demurrers to two counts avail appellant nothing.

**2. Electricity $\Longleftrightarrow$19(2)—Power company's plea deficient in omitting averment of fact imposing duty to look for wires on plaintiff traveler.**

In an action against a power company for injuries to plaintiff traveler whose dray came in contact with defendant company's wires, so that crates fell upon plaintiff, plea in terms averring it was plaintiff traveler's duty to look out for the wires *held* deficient in omitting any averment of fact which imposed on him such duty.

**3. Evidence $\Longleftrightarrow$471(17)—Question to witness as to whose duty to maintain wires called for conclusion.**

In an action against a power company for injuries to a traveler on the highway injured

by its wires, question, "Whose duty was it at the time to maintain these wires, if you know?" called for a mere conclusion of the witness, and the answer of the witness that it was defendant company was purely a conclusion, and objection to the question, as well as motion to exclude the answer, should have been sustained.

**4. Appeal and error $\Longleftrightarrow$1051(2)—Failure to sustain objection to question harmless, where matter otherwise developed.**

In an action against a power company for injuries to a traveler on the highway, caused by defendant's wires, in view of the fact that it was shown without dispute that the wires were owned and being used by defendant, error in failing to sustain objection to question to a witness calling for his conclusion as to whose duty it was at the time to maintain the wires, etc., *held* harmless to defendant.

**5. Appeal and error $\Longleftrightarrow$695(2)—Refusal of affirmative charge cannot be held error, where court and jury observed scene of accident.**

Observations made by the court and jury at the scene of the accident involved were for all purposes matters of evidence that were not, and could not be, set out in the record, and the Supreme Court cannot say it was error to refuse the special charges (the affirmative charge. and a like charge as to each count in the complaint) requested by defendant.

Appeal from Circuit Court, Walker County; C. P. Almon, Judge.

Action by Frank Fergusen against the Alabama Power Company for damages for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

The case made by the fourth and fifth count is that the defendant owned, operated, and maintained a line of electric wire attached to poles or buildings along and across the public streets in the city of Jasper, and it was the duty of the defendant to maintain its wires high up from said public street, but, notwithstanding this duty, the defendant negligently caused or allowed said wires. to remain on or across one of said streets such a short distance across said highway that the traveling public on said highway were liable to be injured thereby, and that on one occasion, on the 28th day of April, 1919, plaintiff was traveling said highway on a dray loaded with crated merchandise, and that said dray or the load thereon came in contact with or was caught by said wires over said public street, and as a proximate consequence thereof said crated merchandise was caused or made to fall upon or against plaintiff, injuring him as follows:

Plea 4 alleges that plaintiff himself was guilty of contributory negligence proximately causing his injuries, in this, that he was riding on a loaded truck under the suspended wire, and either knew, or by the exercise of ordinary observation would have known, of the location of said wire, and of

the fact that the load on said truck would not pass under said wire, and notwithstanding said fact plaintiff negligently attempted to pass under said wire, and as a proximate result he received his injuries on account of said wire coming in contact with some part of the load on said truck.

The other facts sufficiently appear.

A. F. Fite and John H. Bankhead, Jr., both of Jasper, for appellant.

Plea 4 was good, and not subject to the demurrer. 154 Ala. 616, 45 South. 646; 191 Ala. 628, 68 South. 136; 100 Ala. 377, 14 South. 105; 198 Ala. 590, 73 South. 933; 123 Ala. 46, 26 South. 512; 29 Cyc. 1523. The exception made the basis of the fourth assignment was good. 80 South. 882. Counsel discuss the demurrers to the counts of the complaint, but in view of the opinion it is not deemed necessary to here set them out. On application for rehearing, counsel insist that the record properly shows that the demurrers were refiled to the amended complaint and they cite 51 Ala. 74; 132 Ala. 258, 31 South. 81, 90 Am. St. Rep. 907; 120 Ala. 636, 24 South. 927; 76 Mich. 114, 42 N. W. 1119, 15 Am. St. Rep. 293; 2 Ind. 91, 52 Am. Dec. 494; 38 Ala. 248.

Leith, Gray, & Powell, of Jasper, for appellee.

The court properly sustained demurrer to plea 4. 105 Ala. 170, 16 South. 576; 89 Ala. 521, 7 South. 666; 179 Ala. 126, 59 South. 619; 132 Ala. 507, 31 South. 618; 198 Ala. 658, 73 South. 956. Counsel discuss other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

BROWN, J. The complaint as originally filed consisted of counts 1, 2, and 3, and was subsequently amended by adding counts 4 and 5. After the trial was entered upon the complaint was again amended by withdrawing counts, 1, 2, and 3, and the case was submitted to the jury on counts 4 and 5.

[1] The paper incorporated in the record as a demurrer to the several counts of the complaint, immediately following the original complaint, is not addressed to the complaint as amended, and does not appear to have been filed to the original complaint or to the complaint as amended. The only ruling on demurrer to the complaint is shown in the minute entry as follows:

"Thereupon the defendant files demurrer to the complaint as amended. Said demurrer is considered by the court, it is the opinion of the court that the same is not well taken, and it is therefore the order and judgment of the court that the same be overruled."

The demurrer, if such there was, to the complaint as amended is not incorporated in the record, and, construing the minute entry in the light of the authorities, it fails to show a ruling of the court on the demurrers to the several counts of the complaint; therefore the assignments of error relating to the ruling of the court on demurrers to counts 4 and 5 of the complaint avail nothing. Berger v. Dempster, 85 South. 392;[1] Ala. Chem. Co. v. Niles, 156 Ala. 298, 47 South. 239; Carland & Co. v. Burks, 197 Ala. 435, 73 South. 10; Cent. of Ga. R. R. Co. v. Ashley, 159 Ala. 145, 48 South. 981; Cent. of Ga. R. R. Co. v. Hingson, 186 Ala. 40, 65 South. 45; Griel v. Lomax, 86 Ala. 132, 5 South. 325.

[2] Neither the pleas nor demurrer to the pleas appear to have been indorsed "Filed" by the clerk, as required by the statute. Code 1907, §§ 5337, 5736. However, waiving this defect in the record, plea 4 does not in terms aver that it was the plaintiff's duty to look out for the wire, and it is deficient in omitting any averment of fact which imposed on the plaintiff such duty. B. R., L. & P. Co. v. Gonzalez, 183 Ala. 278, 279, 61 South. 80, Ann. Cas. 1916A, 543.

[3, 4] The question made the basis of the fourth assignment of error, "Whose duty was it at that time to maintain these wires if you know? called for a mere conclusion of the witness, and the answer of the witness, "The Alabama Power Company, the owner of the plant," was purely a legal conclusion, and the objection to the question, as well as the motion to exclude the answer, should have been sustained. But, in view of the facts that it was shown without dispute that the wires were owned and being used by defendant in furnishing electricity to the city of Jasper, we hold that these rulings were without prejudice to the rights of the defendant.

[5] Aside from the fact that the evidence offered on the trial made a jury case, the court and jury, with the consent of the parties, inspected the wires in question and the place of the accident, and witnesses were interrogated at the place respecting the condition of the wires. The observations made by the court and jury were for all purposes matters of evidence that were not, and could not be, set out in the record. For these reasons we cannot say it was error to refuse the special charges (the affirmative charge and a like charge as to each count of the complaint) requested by the defendant.

The record being free from error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

[1] 204 Ala. 305.