(87 South. 325)

LEDBETTER v. BRYANT. (5 Div. 756.)

(Supreme Court of Alabama. Dec. 2, 1920.)

Boundaries 40(3)—Evidence held to raise jury question as to agreed boundary and as to defendant's bona fide belief of ownership of trees.

In an action for the statutory penalty under Code 1907, § 6035, for the cutting of trees, evidence held sufficient to take to the jury the litigated questions of whether there had been an agreed boundary line established between the parties beyond which the trees were cut, and whether defendant, if he cut the trees from plaintiff's land, did so under a bona fide belief that they were on his own land.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by J. S. Bryant against Thomas Ledbetter for trespass to land and for the statutory penalty for destroying trees. Judgment for plaintiff, and defendant appeals. Affirmed.

The following are the charges refused to the defendant:

(3) Under all the evidence in this case the plaintiff is not entitled to recover under the count for statutory penalty for cutting the timber alleged to have been cut.

(5) If the jury are reasonably satisfied from all the evidence that the parties agreed upon the line, then the plaintiff cannot recover.

(6) Affirmative charge for the defendant.

James W. Strother and J. Percy Oliver, both of Dadeville, for appellant.

In order to recover under section 6035, Code 1907, it must be shown that the party sought to be charged cut trees on the land of another knowingly and willfully without the consent of the owner. 107 Ala. 640, 18 South. 266; 122 Ala. 670, 26 South. 1034; 135 Ala. 671, 33 South. 1013. Honest belief or bona fide claim of right is a good defense. 129 Ala. 189, 29 South. 836; 156 Ala. 577, 47 South. 109; 195 Ala. 56, 70 South. 157.

Thomas L. Bulger, of Dadeville, for appellee.

The defendant certainly was not entitled to the affirmative charge. 131 Ala. 304, 30 South. 775; 166 Ala. 482, 52 South. 86. Charge 5 was properly refused. 159 Ala. 321, 49 South. 242; 158 Ala. 182, 48 South. 344.

BROWN, J. The plaintiff, appellee here, recovered on the fourth count of the complaint, claiming the statutory penalty under section 6035 of the Code 1907.

The litigated fact in the case is whether the trees in question were cut from the plaintiff's land, and, if so, whether they were cut by the defendant under a bona fide belief that the trees were on his (defendant's) land. The evidence shows that about five years before the trees were cut a dispute arose between the parties over the line between their respective properties, resulting in an attempt to settle the dispute by a survey of the line, and the defendant contends that this resulted in establishing a line by agreement of the parties.

There is much confusion in the evidence as to whether such agreement was reached, and, if so, as to the exact location of the line so agreed upon; whether or not the fence, which was afterwards moved, was placed on the agreed line, and whether or not the fence was moved by the plaintiff or the defendant. Some of the evidence tends to show that some of the stakes set in the attempted survey were moved without the consent of the plaintiff, and that defendant changed the fence, and, in so doing, did not put it on the agreed line—if in fact a line was established by the agreement.

On the whole evidence the case was for the jury, and the charges requested by defendant and refused by the court were refused without error. For like reasons the motion for new trial was properly overruled. Garren v. Fields, 131 Ala. 304, 30 South. 775; Southern Railway Co. v. Kirsch, 150 Ala. 659, 43 South. 796.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes