(95 South. 916)

## BERKOWITZ v. FARRELL.   (6 Div. 145.)

(Court of Appeals of Alabama. April 10, 1923.)

1. Appeal and error ⬤⟫518(3)—Assignments of error predicated on judgment on demurrer not sustained, where demurrer was not refiled to amended complaint.

Where the only demurrer incorporated in the record is the demurrer "to the complaint and each count thereof," and this demurrer does not appear to have been refiled to the complaint as amended, the appellate court will not sustain assignments of errors predicated on the judgment on demurrer.

2. Assault and battery ⬤⟫42—Credibility of evidence of rough conduct and of assault by defendant held for jury.

Credibility of plaintiff's evidence of abusive conduct and commission of assault and battery was for the jury, and justified the refusal of the affirmative charge on the case as a whole, and as related to the several counts of the complaint. Code 1907, §§ 6217, 7827.

3. Appeal and error ⬤⟫979(3)—Denial of new trial for insufficiency of evidence held not error.

Overruling of motion for new trial *held* not reversible error, where the trial court was in a situation to judge the credibility of the witness.

---

⬤⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Assault and battery ⬚=43(1)—Use of word "rough" in charge, instead of "rude" held not error; "rude."**

The use of the word "rough," instead of "rude," in a charge given in an action for damages for. tortious conduct and for an assault, *held* not to extend the principle that the least touching of another in "rudeness" or anger is an assault; "rough" being a synonym for "rude."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rude; Second Series, In the Rough.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Ada Farrell against Harry Berkowitz. From a judgment for plaintiff, defendant appeals. Affirmed.

The following charge was given at the request of the plaintiff:

"The court charges that, if you are reasonably satisfied from the evidence that the defendant in a rude, rough, or angry manner snatched a $10 bill out of plaintiff's hand, and in so doing touched the plaintiff on any part of her person, this would be an assault and battery within the meaning of the law."

Wm. A. Jacobs, of Birmingham, for appellant.

Counsel argues that the complaint was subject to demurrer, and that the charge given for plaintiff was erroneous, citing L. & N. v. Bartee, 204 Ala. 539, 86 South. 394, 12 A. L. R. 251; Engle v. Simmons, 148 Ala. 92, 41 South. 1023, 7 L. R. A. (N. S) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740.

Brown & Denson, of Birmingham, for appellee.

The original demurrers to the complaint were not refiled to the complaint as amended. and the demurrers to the complaint as amended are not in the record; hence the assignments of error predicated on the rulings on demurrers to the complaint as amended cannot be sustained Ala. Power Co. v. Fergusen, 205 Ala. 204, 87 South. 796; Cent. of Ga. v. Ashley, 159 Ala. 145, 48 South. 981; Ala. Chem. Co. v. Niles, 156 Ala. 298, 47 South. 239; Berger v. Dempster, 204 Ala. 305, 85 South. 392; Carland & Co. v. Burke, 197 Ala. 435, 73 South. 10; Cent. of Ga. v. Hingson, 186 Ala. 40, 65 South. 45; Griel v. Lomax, 86 Ala. 132, 5 South. 325. If in a "rude, rough, or angry" manner defendant snatched a ten dollar bill out of plaintiff's hand, and in so doing touched her person or clothes, he committed an assault and battery. Hyde v. Cain, 159 Ala. 365, 47 South. 1014.

BRICKEN, P. J. This is an action by the appellee against appellant for damages alleged to have resulted from the tortious conduct of the defendant in entering the plaintiff's home and cursing and abusing and insulting her, and from an assault and battery committed by the defendant on the plaintiff.

The complaint as originally filed consisted of two counts. After demurrer was sustained to these counts, the complaint was amended by adding four additional counts. The judgment on demurrer made the predicate for the first four assignments of error is in these words:

"On this the 16th day of May, 1922, this cause being reached on the docket, and called for trial, comes the parties by their attorneys, and the demurrers to counts 1 and 2 are by the court heard and considered. Whereupon it is ordered and adjudged by the court that said demurrers be and they are hereby sustained. Plaintiff by leave of the court amended the complaint as appears by a separate paper this day filed; the demurrers to the amended complaint are by the court heard and considered, whereupon it is ordered and adjudged by the court that said demurrers be and they are hereby overruled."

[1] The only demurrer incorporated in the record is the demurrer "to the complaint and each count thereof," and this demurrer does not appear to have been refiled to the complaint as amended. Construing the judgment entry in accordance with the many adjudged cases the assignments of error, for the reasons stated, are not sustained. Central of Ga. Ry. Co. v. Ashley, 159 Ala. 145, 48 South. 981; Syson Timber Co. v. Dickens, 146 Ala. 471, 40 South. 753; Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 South. 239; Berger v. Dempster, 204 Ala. 305, 85 South. 392; Carland & Co. v. Burke, 197 Ala. 435, 73 South. 10; Central of Ga. Ry. Co. v. Hingson, 186 Ala. 40, 65 South. 45; Griel v. Lomax, 86 Ala. 132, 5 South. 325; Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 South. 796.

[2] The plaintiff offered evidence tending to show that the defendant entered the plaintiff's home, uninvited, and with force and there in her presence used abusive, insulting, and profane language to her, and also offered evidence tending to show that defendant, on another occasion while plaintiff was in his store, committed an assault and battery on plaintiff. The credibility of this evidence was for the jury and justified the refusal of the affirmative charge on the case as a whole and as related to the several counts of the complaint. Code 1907, §§ 6217 and 7827; Engle v. Simmons, 148 Ala. 92, 41 South. 1023, 7 L. R. A. (N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740; Adams v. Rivers, 11 Barb. (N. Y.) 390; 26 R. C. L. p. 934, note 6.

[3] The trial judge was in a better situation to judge the credibility of the witness than we are, and we do not think that this is a case where we are justified in holding

that it was error to overrule the motion for new trial. Southern Ry. Co. v. Kirsch, 150 Ala. 659, 661, 43 South. 796; N., C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 349, 70 South. 7; Ledbetter v. Bryant, 205 Ala. 77, 87 South. 325; Mutual Loan Soc., Inc., v. Stowe, 15 Ala. App. 293, 73 South. 202; National Life Insurance Co. v. Hedgecoth, 16 Ala. App. 272, 77 South. 422; Harbison-Walker Refractories Co. v. Knight, 16 Ala. App. 177, 76 South. 414.

[4] The word "rough" is a synonym of "rude." Webster's New International Dictionary. Hence the use of the word "rough," in the charge given at the instance of the plaintiff, did not extend the principle, declared in Hyde v. Cain, 159 Ala. 364, 47 South. 1014, that "the least touching of another in rudeness or anger is an assault."

We find no error in the record.

Affirmed.