90 So.2d 767

W. P. SIMMONS

v.

Sam L. CHESNUT.

7 Div. 255.

Supreme Court of Alabama.

Nov. 15, 1956.

John R. Robinson, Pell City, for appellant.

Martin & Blakey and S. Eason Balch, Birmingham, for appellee.

SPANN, Justice.

This is an appeal from a judgment of the Circuit Court of St. Clair County in favor of appellee—plaintiff below for damages for the alleged trespass of the appellant—defendant and cutting of the timber upon plaintiff's land.

 Two assignments of error are presented by the record and they are the only assignments which will be considered. There are other assignments listed in appellant's brief and argued by him; but since Supreme Court Rule 1, Title 7 Appendix, Code 1940, is not complied with in that the assignments of error are not written upon the transcript, the said additional assignments of error will not be considered.

The first assignment of error presented by the record is that the trial court erred in overruling appellant's demurrers to the complaint. Inasmuch as no ruling of the trial court on any demurrer appears in the transcript, there is no ruling from which an appeal would lie presented

for review. Moreover, it does not appear from the record that appellant refiled his original demurrer to the complaint as last amended or that appellant filed any demurrer at all to the complaint as last amended. In the case of Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 So. 796, 797, we said:

"The demurrer, if such there was, to the complaint as amended is not incorporated in the record, and, construing the minute entry in the light of the authorities, it fails to show a ruling of the court on the demurrers to the several counts of the complaint; therefore the assignments of error relating to the ruling of the court on demurrers to counts 4 and 5 of the complaint avail nothing. Berger v. Dempster, [204 Ala. 305] 85 So. 392; Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239; Carland & Co. v. Burks, 197 Ala. 435, 73 So. 10; Central of Georgia R. R. Co. v. Ashley, 159 Ala. 145, 48 So. 981; Central of Georgia R. R. Co. v. Hingson, 186 Ala. 40, 65 So. 45; Griel v. Lomax, 86 Ala. 132, 5 So. 325."

In Berkowitz v. Farrell, 19 Ala.App. 196, 95 So. 916, it is stated:

"The only demurrer incorporated in the record is the demurrer 'to the complaint and each count thereof,' and this demurrer does not appear to have been refiled to the complaint as amended. Construing the judgment entry in accordance with the many adjudged cases the assignments of error, for the reasons stated, are not sustained. * *"

 The second assignment of error which appellant has written in the record is that the trial court erred in denying appellant's motion for a new trial, but this assignment is not insisted upon in the argument in appellant's brief. The assignment is, therefore, waived. As said in Kendall Alabama Company v. City of Fort Payne, 262 Ala. 465, 79 So.2d 801, 802:

" * * * This court has repeatedly, continuously, and consistently said that assignments of error that are not argued must be considered as waived. Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838. * * *"

Here, there is no reference to or mention made of the second assignment of error. We have no alternative, therefore, but to reject such assignment as waived.

Neither assignment of error being well taken, the judgment of the trial court is due to be and is affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.