# Louisville & Nashville Railroad Co. *v.* Thomason.

## *Damages for Injury to Employe.*

(Decided Feb. 2, 1911. Rehearing denied May 5, 1911.
55 South. 115.)

1. *Master and Servant; Injury to Employe; Negligence; Jury Question.*—Whether or not the engineer was negligent in failing to use proper means to avoid injuring an employe standing near the track, after discovery of his peril, was under the evidence in this case, a question for the jury.

2. *Same; Employes on Track.*—An employe standing near a railroad track, is entitled to the same protection as a stranger would be on discovery of his peril by an approaching engine, regardless of whether he was in the performance of his duties or not.

3. *Appeal and Error; Review; Presumption.*—Where the judgment entry shows an amendment for the purpose of conforming the pleading to the proof and the amendment is not set out in the record, it will be presumed on appeal that the amendment was so made to conform.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

[Louisville & Nashville Railroad Co. v. Thomason.]

Action by John A. Thomason as administrator against the Louisville & Nashville Railroad Company, for the damages for the death of his intestate. Judgment for plaintiff and defendant appeals. Affirmed.

EYSTER & EYSTER, for appellant. Where the complaint alleges a negligence of duty and the evidence shows no duty, there is a fatal variance.—*G. P. R. R. Co. v. Propst.* 85 Ala. 205; *A. G. S. v. Hall,* 105 Ala. 606. Charges 30, 31, 34 and 62 should have been given, as they properly embody the doctrine of stopping, looking and listening. Charges 13, 19, 21, 22, 25, 26, 45, 59, 60, 61 and 67 should have been given.—*Langram v. Brewer,* 113 Ala. 518; 3 Elliott on Railroads, secs. 1266, 1303, 1313 and 1314. Charges 40, 41 and 58 should have been given.—*B. R., & E. Co. v. Bowers,* 110 Ala. 328 Charge 50 should have been given.—*W. Ry. v. Mutch,* 97 Ala. 194. Charges 43 and 46 should have been given.— *L. & N. v. McAdory,* 109 Ala. 677.

CALLAHAN & HARRIS, for appellee. Under the evidence in this case the question of the negligence of the engineer was one for the jury. *So. Ry. Co. v. Bush,* 122 Ala. 487; *So. Ry. Co. v. Shelton,* 136 Ala. 213; *Peters v. So. Ry. Co.* 133 Ala. 533. The evidence is even stronger as to the negligence of the fireman. The evidence brings this case clearly within the rule declared in *Brown v. L. & N.* 111 Ala. 289. The presumption is that the amendment was properly made to meet the proof.—*Allen v. Harper,* 26 Ala. 686; *Crawford v. Simonton,* 50 South. 1024. The recitals that the count were amended to conform to the evidence imports absolute verity, in the absence of the amendment.—*Keith v. Cliatt,* 59 Ala. 408, and authorities supra.

SIMPSON, J.—This is an action by the appellee against the appellant for damages, on account of the death of plaintiff's intestate, C. L. Seitz, which is claimed to have been caused by the negligence of the defendant, in the operation of its locomotve engine.

The general issue and contributory negligence were pleaded, and it is insisted that the plaintiff's intestate was not in the line of his duty, and was guilty of contributory negligence in going upon the track without looking and listening. It may be admitted that the plaintiff's intestate was guilty of contributory negligence, yet the question arises whether or not the employes of the defendant were guilty of negligence in failing to use the proper means to avoid the injury after the peril of the plaintiff's intestate was discovered.

The engineer testified that he was keeping a lookout, but did not see the intestate, because the said engineer was on the west side of the cab, and the intestate approached the track from the east side. He testified that, if intestate had approached from the west side, he could have seen him. The witness Dan Garth says of deceased: "When I first saw him, he was on the east side, and he crossed over to look to see if there was any engine. * * * He stopped so close to the track that the tender hit him. If he had stepped nearer the train going south, he would have been out of the way. . * * * The train going south was west of the track that the engine was on." Percy Landers says: "He was walking sideways between the two tracks. There was a backing engine on the east side of the track, and there was a freight train on the track west of it, in motion, going south. * * * When I last saw him, before he was struck, he was between these two tracks, standing looking at the train"—and that he was walking slowly,

looking at the train on the west and would occasionally stoop to look under the west train, thus placing his body within range of the engine and tender backing on the east track.   This evidence tends to show that intestate was on the west side of the track on which the engine and tender were backing, in plain view of the engineer. The fireman, McClusky, testified that the engineer, in looking out of the window on the west side of the cab, could see the rail in 20 feet of the inside of the track.

· The testimony is without conflict to the effect that the backing engine was moving only about as fast as a man · could walk—about 3 or 4 miles an hour—and could have been stopped within 10 feet.   While others place the intestate on the east side of the track, yet this raises a conflict, and it was open to the jury to find· that the engineer saw the intestate in time to have stop-. ped the engine.   The fireman, who was looking out on the east side of the cab, testified that he saw the intestate approaching the track on the east side, looking intently at the train moving south, that when the engine was. within about 60 feet of intestate some one hallooed, and he turned to see who was hallooing, and before he looked back the injury occurred.· This also raises the question whether, from · the apparent action of the intestate, his seeming not to be aware of the approaching engine and tender, the fireman should not have notified the engineer and had the engine stopped, in place of allowing his attention to be diverted by the hallooing.   In view of this testimony, the court did not err in refusing to give the general affirmative charge in favor of the defendant.   *M. & C. R. R. Co. v. Martin, Adm'r*, 131 Ala. 270, 278, 279, 30 South. 827; *Birmingham Ry., Lt. & P. Co. v. Hinton*, 141 Ala. 614, 37 South, 635; *Duncan v. St. L. & S. F. R. Co.*, 152 Ala. 119, 129, 44 South. 418;

*R. & D. R. Co. v. Jones*, 92 Ala. 219, 227, 9 South. 276.

As to the point suggested that the proof does not correspond with the allegations of the complaint, on which a number of charges were requested, the judgment entry states that "plaintiff, by leave of court, is allowed to amend his complaint by striking out counts 2, 3, and 4, and amending counts 1 and 5, to conform to the evidence, the amendment being filed in open court." Said amendments do not appear on the record, and we must presume that they were made, so as to meet the evidence, and that the court correctly held. *Keith v. Cliatt & Bro.*, 59 Ala. 408; *Allen v. Harper*, 26 Ala. 686; *Crawford v. Simonton & Co.*, 163 Ala. 609, 50 South. 1024; *Southern Railway Co. v. McGowan*, 149 Ala. 441, 454, 43 South. 383.

Whether the plaintiff was, or not, engaged in the performance of his duties as an employe, he would at least be entitled to the same protection, as a stranger, after his peril was discovered.—*Boggs v. Ala. Consol'd C. & I. Co.*, 167 Ala. 251, 52 South. 878.

Other charges were misleading in pretermitting other matters of defense, not mentioned in the charges. *Southern Railway Co. v. McGowan, supra*, 149 Ala. 442, 455, 43 South. 383.

There being no reversible error apparent in the record, the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J. and MCCLELLAN and MAYFIELD, JJ., concur.