# Illinois Central Railroad Company, *et al. v.* Robinson.

## *Injury to Person on Track.*

(Decided November 7, 114.   66 South. 519.)

1. *Removal of Causes; Petition; Bad Faith.*—A petition for the removal to the Federal Court which alleges a fraudulent joinder of defendants to defeat the right of removal on the ground of diverse citizenship, was properly denied in the absence of a charge or allegation of facts impeaching the good faith of the joinder, notwithstanding it was presented during the trial after plaintiff had an-

[Illinois Central Railroad Company, et al. v. Robinson.]

nounced that he would not insist upon a verdict against the resident defendant.

2. *Same; Dismissal Against Resident Defendant.*—The announcement by plaintiff's counsel, made to the court within the hearing of the jury after the oral charge of the court to the jury, that plaintiff would not insist on a verdict against the domestic corporation joined as a defendant with a non-resident corporation, did not constitute a voluntary dismissal, as against the domestic corporation, such as to entitle the non-resident defendant to remove the cause from the state court.

3. *Railroads; Person on Track; Child; Death; Variance.*—There was no variance between the allegation that the train which struck and killed the child was being operated over "the Kansas City, Memphis & Birmingham Railroad" and evidence that it was running over the K. C. M. & B. track.

4. *Same; Issues; Evidence.*—Where the action was for the death of a small child from being struck by a train, and the evidence, though conflicting, tended to show that the engineer saw the child and gave an alarm while there remained time for the train to be stopped before striking the child, the court properly submitted to the jury the issue whether the injury resulted from wanton misconduct or from simple negligence after the discovery of peril.

5. *Same; Complaint.*—Where the action was for the death of a child struck by a train, the failure of the complaint to exclude the idea that the train was not being operated by and for the defendant company, did not render it demurrable, where the complaint stated that the train was then being operated by an engineer, then in the service of and acting under the authority of such company.

6. *Same; Evidence.*—The fact that the complaint charged negligence against the engineer, did not render inadmissible testimony that the fireman was looking ahead and could have seen the child, there being evidence that unless otherwise engaged it was the duty of the fireman to look ahead and notify the engineer of any obstructions on the track.

7. *Appeal and Error; Review; Verdict.*—Although the members of a court would have rendered a different verdict, a verdict sustained by the evidence will not be disturbed on appeal after application for a new trial has been denied by the lower court.

8. *Same; Objections in Lower Court.*—Where not made the subject of an objection and exception in the lower court, the exclusion of a question on cross-examination will not be reviewed on appeal.

9. *Witnesses; Impeachment.*—Where the engineer testified that he saw a white object on the rail, but thought it was a piece of paper or a package, it was competent to ask him on the cross if he had not stated on the occasion of the accident that the child ran upon the track in such close proximity to the engine that the injury could not have been avoided.

10. *Deah; Damages; Instruction.*—A charge asserting that if the evidence showed that plaintiff was entitled to recover and that a small sum or nominal damages would be a sufficient punishment of defendant, the jury should so find, was rendered faulty by its reference to nominal damages, and was therefore properly refused.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by N. R. Robinson as administrator against the Illinois Central Railroad Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The matter as to the removal sufficiently appears.

Charge I is as follows:

If the jury should find from the evidence that plaintiff is entitled to recover damages, and that a small sum or nominal damages would be sufficient punishment of defendant, then the jury should so find.

Count 1, after stating the facts of the killing of the child by a train operated by a locomotive engineer in the employment of the said Illinois Central Railroad, and acting under the authority and in the line of his said employment by the Illinois Central Railroad Company, who was propelling one of the trains of the said Illinois Central Rairoad Company over the tracks of the Kansas City, Memphis & Birmingham Railroad between Jasper and Birmingham, both in the state of Alabama, alleges that his said intestate's death was proximately caused by the wantonness of the said J. R. Gaffney, while acting within the line and scope of his employment by the said Illinois Central Railroad Company, and that his wantonness consisted in this: That he wantonly ran said engine upon or against his said intestate.

Count 3 states the same facts, and alleges that after discovering intestate's peril and his presence on the track of the railroad over which he was running and operating his said engine as aforesaid, he negligently failed to use the proper means within his power to prevent said engine from running over or against plaintiff's intestate.

PERCY, BENNERS & BURR, DAVIS & FITE, and HUGH
LESTER, for appellant.

FRANK S. WHITE & SONS, for appellee.

McCLELLAN, J.—On April 14, 1910, Lee Gaston
Robinson, an infant 18 months of age, was killed by be-
ing run upon by an engine and train operated by the Illi-
nois Central Railroad Company. J. R. Gaffney was the
engineer in charge. The Illinois Central Railroad Com-
pany, J. R. Gaffney, and the Alabama Western Rail-
road Company, *a domestic corporation,* were joined as
defendants in the action. At the request of the plain-
tiff the court gave to the jury a special instruction, in
which an apt form of verdict was set forth if the jury
should find for the plaintiff and against the Illinois
Central Railroad Company and J. R. Gaffney and in fa-
vor of the defendant Alabama Western Railroad Com-
pany. The bill of exceptions then recites: "After ar-
gument of the case by counsel to the jury the court
passed upon all written charges, and gave to the jury
his oral charge in full. In the opening of the oral
charge to the jury, the court excluded from the consid-
eration of the jury all of the testimony of the witness
W. C. Davis. After the court finished its oral charge,
the plaintiff's counsel, Capt. Frank S. White, read to
the jury a written charge given at his request (num-
bered charge A above set out), which was a prescribed
form of a verdict if the jury found in favor of plain-
tiff as against Illinois Central Railroad Company and
J. R. Gaffney, and found in favor of the defendant Al-
abama Western Railroad Company. After he had read
the same, in the hearing of the jury, he annuonced that
plaintiff would not insist upon a verdict against the
Alabama Western Railroad Company. Thereupon Mr.

Benners, of counsel for defendants, asked that a note of said statement be made by the stenographer, and announced he would present a petition for removal of the cause to the United States court, and while saying same took from his private file the petition and bond for removal of this case appearing below, and handed a paper to Captain White and stated that it was a notice of the presentation of the petition for removal, in view of his, Capt. White's, announcement. Thereupon Capt. White stated that he made the announcement he did because of the ruling of the court in excluding the testimony of Mr. W. C. Davis. Mr. Benners then stated that Capt. White did not accompany the original statement that he would not insist on a verdict against the Alabama Western Railroad because of the adverse ruling of the court, and objected to same now. Thereupon Capt. White announced that he would withdraw the statement that he would not insist upon a verdict against the Alabama Western Railroad Company, and Mr. Benners objected to the withdrawal of the same on the grounds that same had been made in the presence of the jury, and that the removal papers had been filed. A ruling upon the petition was then insisted upon by Mr. Benners, and the court stated that, in view of the foregoing and the state of the case and circumstances surrounding it, he would refuse the petition for removal, and it was accordingly refused by the court, and the defendants Illinois Central Railroad Company and J. R. Gaffney excepted. Thereupon counsel for said defendants objected to proceeding with the cause, the court overruled the objection, and directed them to proceed, and the said defendants duly excepted:"

Verdict was rendered against the Illinois Central Company and Gaffney and in favor of the other defend-

ant, Alabama .Western Railroad Company. It is insisted here that the trial court was in error in denying the petition to remove, *the argument* being that the joinder of the Alabama Western Company, the only defendant of like residence in Alabama, with the plaintiff was a fraudulent action to prevent the removal of the cause on the ground of diverse citzenship, and that the acts and circumstances discovered in the bill as quoted are sufficient to establish the wrongful purpose in the joinder of the domestic corporation. The amount in controversy was sufficient to warrant the removal if the nonresident defendants were otherwise entitled thereto. In addition to averring the incorporatory authorization of the Alabama Western Railroad to construct and operate in Alabama between the Alabama-Mississippi line and Haleyville, Ala., and a franchise from the city of Birmingham to construct and operate a railroad over its streets, it is further averred that the Illinois Central Railroad Company was, on and before the 14th of April, 1910, "operating trains under the franchise granted to the said Alabama Western Railroad Company *as aforesaid.*" It appears from the complaint that the point at which intestate was killed was between Jasper and the city of Birmingham, on the tracks of the Kansas City, Memphis & Birmingham Railroad, some distance southeast of the nearest point of the line authorized, as averred in the complaint, to be constructed and operated from the said state line to Haleyville, Ala., and outside of the city of Birmingham. It is difficult to understand the idea, much less the occasion, for interposing the indicated allegations with respect to the domestic corporation, since the words "as aforesaid" plainly restrict the allegation with reference to the Illinois Central Company's use of the Alabama Western's franchise and rights to a place re-

mote from the scene of the intestate's death. It would therefore seem that the complaint disclosed on its face the want of any legal connection on the part of the Alabama Western Railroad Company with the wrong sought to be redressed. Accordingly, it might well be ruled, though not necessary so to do in this instance, that the nonresident defendants were derelict in not presenting their petition for removal before pleading in defense of the cause.—*K. C., Ft. Scott & Memphis R. R. Co. v. Daughtry,* 138 U. S. 298, 303, 11 Sup. Ct. 306, 34 L. Ed. 963; *Powers v. C. & O. R. R. Co.,* 169 U. S. 92, 99, 18 Sup. Ct. 264, 42 L. Ed. 673; 34 Cyc. pp. 1274, 1277. But, aside from this, and assuming for the occasion only, that the petition, when filed as stated in the foregoing excerpt from the bill of exception, was filed in time to appropriately invoke the action of the court, the state court committed no error in declining to give effect to the petition.

In order to invite and to justify the removal of a cause from the state to the federal court on the ground of fraudulent joinder of a defendant of like state residence with the plaintiff, to the end of defeating, and with the purpose of defeating the right of removal because of diverse citizenship, from the plaintiff, of the *real* parties defendant, the bad faith of such joinder must be alleged, with circumstantiality as to the facts, and then proven.—*A. G. S. R. R. Co. v. Thompson,* 200 U. S. 206, 215, 216, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; *L. & N. R. R. Co. v. Wangelin,* 132 U. S. 599, 601, 10 Sup. Ct. 203, 33 L. Ed. 473; 34 Cyc. pp. 1288, 1289. The petition in this instance contained no charge, much less allegations of facts, impeaching the good faith of the joinder of the domestic corporation as a defendant. Hence the issue of bad faith in that join-

der was not presented below and cannot be considered here.

If before entering on the trial a plaintiff voluntarily dismisses or discontinues his action against the only defendant having a like state residence with the plaintiff, leaving only nonresident defendants, the cause is, so far as the right to removal is concerned, the same as if the dismissed defendant had not been made a defendant; and, if otherwise so entitled, removal may be had.—*Powers v. C. & O. Co.*, 169 U. S. 92; 102, 18 Sup. Ct. 264, 42 L. Ed. 673; *Whitcomb v. Smithson*, 175 U. S. 635, 637, 20 Sup. Ct. 248, 44 L. Ed. 303.

The cause at bar is not within the rule just stated. There was, as clearly appears from the quoted recitals of the bill of exceptions, no dismissal or discontinuance of the action as against the domestic corporation. The cause had been litigated throughout upon the theory—however unfounded in fact can make no material difference on this phase of the question—that the domestic corporation had some relation of ultimate responsibility for the wrongful acts of the Illinois Central Company or of its servants. When it appeared, at the conclusion of the trial, that no case had been made out against the domestic corporation, the statement, even to the jury, of that fact could not be interpreted as operating the dismissal of the action as to the defendant mentioned. At most it was a reference to the *merits* of the controversy (*Whitcomb v. Smithson, supra*), and contemplated a verdict for that defendant, not a dismissal of that defendant from the tribunal *without* a verdict in the premises.

The insistence that there was variance in respect of the description of the track over which the Illinois Central train was running when the child was killed is without merit. The testimony of the witness Quinn

tended to show that the "Frisco track" and the "K. C., M. & B." track were identical; and it is too evident to admit of question that the jury could reasonably find that the initials mentioned identified the words "Kansas City, Memphis & Birmingham Railroad" (not company) incorporated in the complaint.

The issues of fact made by the first and third counts of the complaint—the former, sufficiently, under established rule, charging that the injury was the result of wanton misconduct, and the latter sufficiently ascribing the injury to simple negligence after the discovery of intestate's peril—were properly submitted to the jury. There was evidence, as in *Gullatt's Case,* 158 Ala. 502, 505, 506, 48 South. 472, tending to show that the engineer saw intestate, an 18 months old child, astride one of the rails before his oncoming engine; that the day was clear; that the "cattle alarm" was given by him; that this alarm was referrable to the presence of intestate on the track, that it was given a sufficient distance from intestate to allow the further finding that the train could have been brought to a stop before striking the child, and that the actual operation of stopping this train brought it to a rest within such distance from the point at which the effort to stop it was begun and took initial effect as that, if earlier undertaken, would have stopped the train before the child was struck.—*A. G. S. R. R. Co. v. Hamilton,* 135 Ala. 343, 33 South. 157. The evidence was conflicting on the issues. Its credibility was for the jury. If the evidence tending to support the material averments underlying plaintiff's right to recover on either of the counts was credited by the jury, it could not be said, on this record, that their conclusion was unsustained by the evidence. The review here of the propriety of overruling a motion for a new trial does not, of course, con-

template a process of merely revising the jury conclusions.—*Cobb v. Malone*, 92 Ala. 630, 9 South. 738. What this court would have concluded had its members been the original triers of the fact is not a factor on the review.

The first and third counts of the complaint were not subject to demurrer. They aver that the train in question was being operated by an engineer then in the service and acting under the authority of the Illinois Central Company. Manifestly these allegations exclude the idea that the train was not then being operated by and for the Illinois Central Company.

After the dead child had been carried into the near by house of its parents, the engineer, Gaffney, made some statements in the presence of people assembled there. On the trial the substance of his testimony was that he first saw a white object on the rail, but thought it was a piece of paper or package until too close to avert the injury by any means at his command. On his cross-examination he was asked by counsel for plaintiff if he did not, on the occasion referred to above, say, in the presence of named individuals, that the child ran upon the track off of a little bridge in such proximity to the engine that it could not be stopped in time to avert the injury. It is insisted in brief that the impeachment thus sought to be effected was with respect to an immaterial matter. All of the circumstances attending the place of injury, the presence of the child on the track, when it was first discovered by the engineer, and what was done to avert the injury, were of course of the very essence of the issues on trial. Any previous statement made by the engineer different in respect of these elements of the issues were admissible as affecting the credibility of his testimony.

[Illinois Central Railroad Company, et al. v. Robinson.]

There was no error in allowing the testimony indicated as evidence affecting the credibility of the engineer.

There was no error in admitting the testimony tending to show that the fireman was in his place and looking ahead as and after the train turned the curve some 800 yards from where the child was on the rail and came down the straight track to the place of injury. There was testimony to the effect that unless otherwise engaged in the performance of his services on the engine, it was the fireman's duty to look ahead and give notice to the engineer of anything he saw on the track. The fact that the negligence alleged was laid against the engineer, and not the fireman, did not render the testimony under consideration inadmissible.

The declination of the court to allow defendant's counsel to ask the witness Chambers on cross-examination what he had told plaintiff's counsel was not made the subject of an exception. That matter cannot therefore be reviewed.

Charge I was properly refused to defendants. Its terms, while somewhat like, are yet different from those found in the fourth charge considered in *Randle v. B. R. L. & P. Co.,* 169 Ala. 314, 322, 323, 53 South. 918. This charge was rendered faulty by the employment of the expression with reference to "nominal damages." Besides charge 6, given at defendants' request, was a substantial duplicate of refused charge I.

No error being made to appear the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.