# Chandler v. The State.

## Violating Prohibition Law.

(Decided April 8, 1915.   68 South. 536.)

1. *Appeal and Error; Notice; Record; Court Rules.*—The appeal will not be dismissed, although written notice was not filed with the clerk of the trial court of the appeal, as required by Supreme Court rule 43, where the judgment entry in the records show that after the judgment, the defendant notified the court that he desired to prosecute an appeal, and the court suspended execution, pending the appeal, and the record also shows that a bill of exception was seasonably presented to and signed by the trial judge, in which questions of law were reserved for decision, and the cause was submitted on its merits without motion to dismiss.

2. *Same; Waiver of Irregularity.*—Irregularities arising from a failure to comply with a rule of practice, not affecting the jurisdiction of the Appellate Court, are waived by the submission of the case on the merits.

3. *Same; Dismissal; Grounds.*—Where the record shows no question of law reserved, either in the judgment entry or by bill of exceptions, the jurisdiction of the appellate court does not attach, and the appeal will be dismissed.

4. *Same; Duty to Show Error.*—Under Rule 45, Supreme Court Practice, the defendant must affirmatively show that the error complained of probably affected his substantial rights, as every intendment will be indulged in favor of the rulings of the trial court.

5. *Same; Review; Matters Presented.*—It is incumbent on the defendant, during the trial, to call the court's attention to oral instructions complained of, and before the jury retires to specifically point out the portions of the charge to which exceptions are reserved, before the appellate court can review such charge.

6. *Intoxicating Liquors; Evidence.*—The evidence examined and held sufficient to justify the submission to the jury of the issue whether or not the defendant had violated the prohibition law.

7. *Charge of Court; Reasonable Doubt.*—Where the court instructed the jury that to authorize a conviction the evidence must satisfy the jury of guilt beyond a reasonable doubt, and to a moral certainty, a failure to charge that the two terms were synonymous was not error.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. A. H. ALSTON.

Aubry Chandler was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

The following charges were refused to defendant: (1) General affirmative charge. (2) Affirmative charge as to an offer to sell. (3) Affirmative charge as to selling. (4) Affirmative charge as to aiding and abetting or acting as assisting friend. (5) If you believe from the evidence that defendant's act was only to offer to act as the agent of Bailey in making a purchase of whisky, then you cannot convict defendant.

The bill of exceptions recites: That after the oral statement of the court to the jury relative to a reasonable doubt and moral certainty being the same thing, counsel for defendant said: "We except first to that portion of the oral charge given in explanation of our charge 6 relative to reasonable doubt and moral certainty." Thereupon the court interrupted counsel and stated as follows: "That's all right; we haven't time for all that, just go ahead and state the heads of your exceptions, and that will be sufficient." Counsel replied: "If your honor please, in our opinion, in order to make a clear record on appeal, it is necessary that we set out separately and severally our grounds of objection in the presence of the jury, together with that portion of the charge to which we offer exceptions.' The court replied: "I tried to make it clear to you that I will allow you such exceptions as you desire separately, severally, jointly, collectively, or any other way you want them." Counsel for defendant then said: "That is exactly what we want, and with that understanding we do not desire unnecessarily to consume the time of the court, but we want one thing understood, however." The court: "What is it you want to understand?" Counsel for Defendant: "We want to understand that your honor's statement to us that we shall have in the record separately such exceptions as we think necessary to maintain the rights of our client covers the en-

[Chandler v. The State.]

tire oral charge of the court." The Court: "No, sir; I said no such thing. I said that you might have such exceptions as you desire to the court's oral explanation of the written charges given for defendant." Counsel for Defendant: "Then we have misunderstood you, and we now and here in open court, and in the presence of the jury, and before its retirement, desire to offer the following exceptions to the general oral charge of the court to the jury as follows." Here court interrupted and said: "No, sir; sit down. You can't make any other statement. Gentlemen of the jury, take the papers from the sheriff, retire, and make up your verdict." Thereupon the jury retired, and after they retired the court said: "I never saw such rules of practice in my life as evidently have been followed in this court. The defendant then and there, in open court, duly excepted to the action of the court in refusing to allow defendant before the retirement of the jury to state to the court exceptions to the general charge of the court.

MITCHELL & HUGHSTON, for appellant. In charging as to guilt, the charge must be predicated upon a belief of guilt beyond a reasonable doubt.—*Piano v. The State,* 161 Ala. 88. The oral charge of the court was erroneous and unfair.—*Linnehan v. The State,* 116 Ala. 471; *Hall v. The State,* 134 Ala. 90; *Andrews v. The State,* 159 Ala. 14.

W. L. MARTIN, Attorney General and J. P. MUDD, Assistant Attorney General, for the State. The appeal should be dismissed for a failure to file written notice of the appeal, as required by the Supreme Court rules.—*Lampley v. The State,* 6 Ala. App. 26; *Powell v. The State,* 5 Ala. App. 150; 132 Pac. 1137; 11 Cyc. 740. Right of appeal is statutory and all conditions prece-

dent must be complied with.—*Upshaw v. The State,* 66 South. 821; 96 Illinois Appeals, 184 and cases cited.

BROWN, J.—The judgment entry in this record shows that during the proceedings and after the pronouncement of judgment on the verdict of the jury the defendant made known to the trial court that he desired to prosecute an appeal from the judgment of conviction pronounced against him, and the court thereupon entered an order suspending execution of the judgment pending the appeal. The record also shows that a bill of exceptions seasonably was presented to and signed by the trial judge, in which numerous questions of law were reserved for decision by this court. The record does not show that the defendant complied with rule 43, Supreme Court Practice (175 Ala. xxi, 61 South. viii), by filing with the clerk of the trial court a truly dated written statement to the effect that he appealed from the judgment of conviction against him. The case on regular call was submitted on the merits, without formal motion to dismiss the appeal.

It is now insisted by the Attorney General that the appeal should be dismissed ex mero motu for failure of the defendant to comply with the rule; his insistence being that a compliance with the rule is jurisdictional, and without it the court's jurisdiction to review the judgment does not attach.

This case is distinguishable from that of *Upshaw v. State,* 11 Ala. App. 269, 66 South. 822, in this: There was nothing in the judgment of the court nor in what was set out in the record as a bill of exceptions in that case showing that any question of law was reserved on the trial for review. In this case, in addition to the recital in the judgment entry, there is a bill of exceptions showing that questions of law arising from rulings

[Chandler v. The State.]

of the trial court adverse to the defendant were reserved on the trial by exceptions duly taken. This, under the practice prevailing prior to the adoption of the rule, was all that was required to perfect appeals in criminal cases, and under our statutes conferred jurisdiction upon the appellate court to review the questions so rais-ed.—*Bolling v. State,* 78 Ala. 469; *Ex parte Knight,* 61 Ala. 482; *Upshaw v. State,* 11 Ala. App. 269, 66 South. 822; *Campbell v. State,* 182 Ala. 18, 62 South. 57.

It is, as insisted in brief by the Attorney General, the duty of attorneys practicing in appellate courts to familiarize themselves with the statutory provisions and rules governing appeals, and substantially comply with appellate procedure as regulated thereby, and appeals are subject to be dismissed on timely motion for failure to comply with the rules of practice.—*Powell v. State,* 5 Ala. App. 150, 59 South. 328; *Lampley v. State,* 6 Ala. App. 26, 60 South. 415; *Thomas v. Speese,* 14 Ariz 556, 132 Pac. 1137; *Frierson v. Haley,* 1 Ala. App. 576, 55 South. 429; 2 Cyc. 1028.

However, if the case is submitted on the merits without motion to dismiss, mere irregularities arising from failure to comply with the rules of practice, not affecting the jurisdiction of the court, will be treated as waived.

If no question of law is reserved upon the trial as shown by the record, either in the judgment entries of the trial court or by bill of exceptions seasonably presented and signed, the jurisdiction of the appellate court does not attach, and the appeal will be dismissed ex mero motu.—*Upshaw v. State, supra.*

The evidence tends to show that the state's witness Bradley gave the defendant $1.50 for a quart of whisky, that defendant accepted the money and went away and stayed about an hour and a half, and came back and

told the witness that he would find the whisky in a buggy, and that about that time two other men came up in a buggy, and the witness looked in the buggy and saw a bottle of whisky, and took it out and carried it off with him and drank some of it. The evidence also showed that the defendant was in company with these other men or one of them in the buggy during the hour he was away from Bradley and immediately after he accepted the money from Bradley. There was evidence tending to show that the other two men claimed the liquor, but let Bradley take it away, and that afterwards the money was returned to him. This all occurred at a public gathering in the daytime.

The evidence was sufficient to justify a submission of the case to the jury, and justified the refusal of charges 1, 2, 3, 4, and 5.

It was not error for the court, after giving the defendant's requested written charge asserting the proposition that to authorize a conviction the evidence must satisfy the jury of the defendant's guilt beyond a reasonable doubt and to a moral certainty, to explain to the jury that the phrases "beyond a reasonable doubt" and "to a moral certainty" were synonymous terms.

It has always been the rule that every intendment will be indulged in favor of the correctness of the rulings of the trial court, and this imposes on one seeking a review the duty to affirmatively show error.— *L. & N. R. R. Co. v. Thomason*, 171 Ala. 183, 55 South. 115; *Christian v. State*, 171 Ala. 52, 54 South. 1001; *Baker v. Patterson*, 171 Ala. 88, 55 South. 135; *Allen v. Harper*, 26 Ala. 686. And recently the Supreme Court, by the adoption of rule 45, Supreme Court Practice (175 Ala. xxi, 61 South. ix), has taken a step forward, and requires the appellant to go further, and not only show error, but it must be made to affirmatively

appear after an examination of the entire case that the error complained of has probably injuriously affected the substantial rights of the parties.—*Henderson v. Tenn. Coal, Iron & R. R. Co.* (Sup.) 67 South. 414.

To properly reserve an exception to the charge of the court given ex mero motu, and present questions as to the correctness of it, it is necessary for the portions of the charge to which such exception is reserved be specifically pointed out before the jury retires. It is as much the purpose of this rule to call the attention of the trial court to the question, and thus prevent reversible error being committed, as it is to enable the reviewing court to pass upon the question on appeal.— *Winter v. State,* 132 Ala. 37, 31 South. 717. This rule imposes a duty upon the party seeking review which he must exercise during the trial of his case, and in this it is his constitutional right that he be heard by the trial court.—Const. 1901, § 6; *Sellers v. State,* 7 Ala. App. 78, 61 South. 485.

The trial court erred in refusing to allow counsel for the defendant to point out the portions of the oral charge to which he desired to reserve exceptions.

We find no other error in the record which would justify the reversal of the judgment.

Reversed and remanded.


