[J. C. Carland & Co., et al. v. Burke.]

# J. C. Carland & Co., *et al. v.* Burke.

### Injury to Employee.

(Decided November 16, 1916. 73 South. 10.)

1. **Appeal and Error; Review; Presumptions.**—Where error is assigned to the overruling of demurrers to the amended counts of the complaint and the amendments do not appear in the record, it will be presumed that the ruling of the lower court is correct.

2. **Same; Questions Presented.**—Where the record does not set forth the amended counts of the complaint to which demurrers were filed, and does not show any ruling of the court on any demurrer to the amended count, error cannot be predicated on the action of the court in overruling such demurrer.

3. **Removal of Causes; Diversity of Citizenship; Joinder; Fraud.**—Where a petition for the removal of the cause is grounded upon the fraudulent joinder of parties defendant for the purpose of preventing removal, the alleged fraud must be clearly and satisfactorily proven.

4. **Same.**—The petition for removal considered, together with the affidavits in denial thereof, and the denial held justified by the affidavit of counsel for plaintiff fully explaining the reason for the joinder, and showing good faith, the same not having been met by counter proof.

5. **Master and Servant; Injury to Third Person; Independent Contractor.**—Where the action was for the wrongful death of one not employed, caused by blasting on or near a public highway, a plea setting up that the work was being done for the main defendant by a contractor who was prudent and skillful, and obligated to perform the same in a workmanlike manner, was insufficient, since the work was intrinsically dangerous.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by R. I. Burke, as administrator, against J. C. Carland & Co. and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Suit by plaintiff, as administrator of the estate of E. C. Burke, deceased, for recovery of damages of the defendants, J. C. Carland & Co., and the South & North Alabama Railroad Company, for the death of plaintiff's intestate, alleged to have been caused by the negligence of the servants or employees of defendants, while engaged in the work of excavating along the railroad company's right of way, in the city of Cullman, for the purpose of double-tracking and reducing the grade of said road at that point.

The complaint shows that in the prosecution of this work large quantities of dynamite and other explosives were planted in the earth and exploded at all hours, and that while plaintiff's intestate was on the edge of or in a certain "cut" and in close proximity to the dynamite the servants or employees of defendant, acting within the scope of their employment, caused the dynamite to be exploded, thereby so injuring intestate that he died.

Count 1 of the complaint was amended so as to add the words, "after discovery of his peril," said count as amended concluding as follows: "The plaintiff avers that said injuries to said intestate were caused by reason and as a proximate consequence of the negligence of said agents, servants, and employees of the defendant in negligently causing said charge of dynamite to be exploded while plaintiff's intestate was in close proximity thereto, after discovery of his peril."

The defendant South & North Alabama Railroad Company filed a special plea, numbered 3, setting up, in substance, that it was the owner of the right of way through the city of Cullman, where the alleged injury occurred, and that, desiring to locate, double-track, and reduce the grade of its road, it had contracted with J. C. Carland & Co. to do the work; that for this purpose it was necessary to do the blasting alleged in the complaint; that said Carland & Co. were prudent and skillful contractors, and obligated themselves to perform the work in an acceptable and workmanlike manner; and that the blasting complained of was done by the employees of said Carland & Co.

Demurrer to this plea was sustained, and defendant filed another plea setting up the same facts, with the additional averments that the work was not intrinsically dangerous, and that before the blast was fired reasonable notice thereof was given and reasonable care exercised to ascertain that no person was near when the explosion occurred; that the blasting was done on the public road, highway, or street, and that the intestate was not discovered to be in dangerous proximity thereto, and could not have been discovered by the use of reasonable care. Issue was joined on this plea.

A petition was filed by the respondent J. C. Carland & Co. setting up, in substance, that the said J. C. Carland was a non-resident of the state of Alabama, and that the South & North Alabama Railroad Company was a corporation organized under the laws of Alabama, and that said railroad company was not

made a party defendant in this cause in good faith, but in fraud of the rights of the petitioners to remove the cause to the United States court.

Plaintiff filed an affidavit setting up reasons why the North & South Alabama Railroad Company was made a party defendant, insisting upon its liability and that it was made a party defendant in good faith. This affidavit was made by counsel for plaintiff. No counter affidavit for the defendant was offered nor other proof taken thereon.

The court denied the petition for the removal of the cause. The judgment entry shows the trial of the cause before a jury, and a verdict against both defendants; damages being fixed at $3,000. From this judgment, the defendants appeal. Appeal is made solely upon the record. The record does not contain the general charge of the court, nor any requested charge of either party.

GEORGE H. PARKER, and EYSTER & EYSTER, for appellant. A. A. GRIFFITH and F. E. ST. JOHN, for appellee.

GARDNER, J.—This appeal is upon the record only; the motion to establish the bill of exceptions having been previously denied.

(1) It is insisted by counsel for appellant that there was reversible error in overruling the demurrer to counts 3 and 4 of the complaint. There appears in the record what purports to be counts 3 and 4, although neither is signed by counsel nor marked filed. Waiving this deficiency for the purpose of this case, however, it is to be noted that the demurrer addressed thereto reads as follows: "To the third and fourth counts as amended on the 15th day of September, 1914." The amendment to these counts does not appear in the record; the judgment entry showing merely a ruling on the demurrers as to counts 3 and 4. Presumption must therefore be indulged in favor of the ruling of the court below.

(2) The record sets out a ruling of the court on the demurrer to the original counts, but does not show such demurrer. It discloses demurrers to the counts as amended on September 15, 1914; but such counts as amended do not appear in the record, nor does any ruling of the court on any demurrer to the counts as amended so appear. In this state of the case, therefore, re-

versible error cannot be rested on this insistence.—*L. & N. R. R. Co. v. Thomason,* 171 Ala. 183, 55 South. 115; *Prattville Cotton Mills v. McKinney,* 178 Ala. 554, 59 South. 498; *Parsons v. Age-Herald Co.,* 181 Ala. 439, 61 South. 345.

It is next insisted that there was error in denying the petition for the removal of the cause.

(3, 4) The record discloses a suit against the two defendants for a joint tort, and the petition, upon its face, discloses no grounds for the removal of the cause under the statute provided therefor. It alleges, however, that the South & North Alabama Railroad Company was jointly made a party defendant, for the purpose of preventing the removal of the cause. As said by this court in *So. Ry. Co. v. Arnold,* 162 Ala. 570, 50 South. 293, it is the general rule that fraud, when alleged, must be clearly and satisfactorily proven. The affidavit of counsel for appellee contains a full explanation of why the railroad company was made a party defendant, and insists, upon its entire good faith in so doing, which insistence was not met by counterproof. Verdict and judgment were rendered against both defendants. We are of the conclusion that the trial court was entirely justified in denying the petition.—*So. Ry. Co. v. Arnold, supra; Ill. Cen. Ry. v. Robinson,* 189 Ala. 523, 66 South. 519; *Ala. So. Ry. v. Thompson,* 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; *K. C., etc., Ry. v. Herman,* 187 U. S. 63, 23 Sup. Ct. 24, 47 L. Ed. 76; Hopkins Judic. Code, pp. 63-67.

The case of *Stix & Co. v. Keith,* 90 Ala. 121, 7 South. 423, cited by counsel for appellant, discloses a petition in all respects sufficient, as justifying a removal of the cause to the federal court, but that case involved no question of fraud, as is the case here, and therefore does not militate against the conclusion here reached.

(5) The complaint shows that the work being done on the right of way of defendant raliroad company was intrinsically dangerous. Special plea numbered 3 of said defendant does not take issue as to this feature, but merely sets up, in substance, that the work was being done for it by Carland, a contractor, who was prudent and skillful and obligated to perform the work in a workmanlike manner. The plea discloses that the work required the excavation made by the blasting alleged in the complaint. The work being intrinsically dangerous, this plea was insufficient under the following authorities: *Mayor & Aldermen of Bir-*

*mingham v. McCrary,* 84 Ala. 469, 4 South. 630; *Massey v. Oates,* 143 Ala. 248, 39 South. 143; *So. Ry. Co. v. Lewis,* 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77; *Baker v. A. B. & A. Ry.,* 163 Ala. 101, 49 South. 751.

We have here treated the meritorious questions on this appeal, as presented by counsel for appellant in brief, and we find in the record no error calling for a reversal of the cause.

The judgment of the court below will therefore be affirmed. Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.